UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CR-60094-BLOOM/VALLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

NATALIE JEWELRY d/b/a
GOLDEN OPPORTUNITIES,
JED LADIN, and NATALIE LADIN,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**
**REGARDING ANCILLARY FORFEITURE PROCEEDING**

THIS MATTER is before the Court on the United States of America's (the "Government") Omnibus Motion to Dismiss Petitions that are not Verified and/or that were Filed by a Non-Lawyer on Behalf of a Business Entity ("Motion") (ECF No. 212). United States District Judge Beth Bloom has referred all post-judgment motions to the undersigned for appropriate disposition. (ECF Nos. 126, 131, 177 and 213). The undersigned has reviewed the Motion and the response filed by Joseph Profeta d/b/a ProCoins, Inc. (the sole petitioner to oppose the Motion) (ECF No. 217), and is otherwise duly advised in the premises. For the reasons set forth below, the undersigned recommends that the Government's Motion be **GRANTED IN PART AND DENIED IN PART**.

**I.    BACKGROUND**

This ancillary forfeiture proceeding stems from the criminal prosecutions of Defendants Natalie Ladin, Jed Ladin, and Natalie Jewelry d/b/a Golden Opportunities ("Defendants") in 2014. On May 7, 2014, the Government charged Defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (ECF No. 47). The Government also sought, under

18 U.S.C. § 982(a)(1), the forfeiture of "any property, real or personal," involved in the money laundering conspiracy, "or any property traceable to such property." *Id.* at 4. To the extent any such property could not be located, the Government further sought, under § 982(b)(1), the forfeiture of "substitute property," including various precious metals and stones. *Id.* at 4-7.

On July 10, 2014, Defendants entered into plea agreements with the Government, (ECF Nos. 99, 101, and 104), and each Defendant then pled guilty to the money laundering conspiracy. (ECF Nos. 93, 95, and 97). As part of their respective plea agreements, Defendants agreed to forfeit all assets, and/or their substitutes, subject to forfeiture under § 982(a)(1) and (b)(1). (ECF Nos. 99 at 4-8, 101 at 4-8, and 104 at 4-8). The Government next moved for a preliminary order and judgment of forfeiture against Defendants.[1] (ECF Nos. 106 and 107).

The Court granted the Government's motion and issued a preliminary Amended Order and Judgment of Forfeiture.[2] (ECF No. 110). In the Amended Order and Judgment of Forfeiture, the Court entered a "forfeiture money judgment" of $2,234,745.58 against Defendants. *Id.* at 7. The Court also ordered, *inter alia*, that: (1) the sum of approximately $973,125.44 seized from Defendant Natalie Jewelry, Inc.'s operating account at Total Bank on or about January 31, 2014 was forfeited to the Government, *id.* at 7-8; and (2) various precious metals and stones seized on or about December 2, 2013 and January 31, 2014 were also forfeited as "substitute property," *id.* at 8-9.[3] The Court ordered the Government to publish general notice of the Amended Order and

---

[1] The Government initially filed a motion on August 5, 2014, (ECF No. 106), but filed a corrected motion on August 6, 2014, (ECF No. 107).

[2] The Court initially granted the Government's corrected motion on August 6, 2014. (ECF No. 108). However, in response to the Government's subsequent agreed motion for an amended order, (ECF No. 109), on August 15, 2014, the Court issued an Amended Order and Judgment of Forfeiture, (ECF No. 110).

[3] The Court further ordered that "all funds or other property being held by Republic Metals Corporation" for Defendant Natalie Jewelry, Inc. was also forfeited as "substitute property." (ECF No. 110 at 8).

Judgment of Forfeiture, and to provide specific written notice to any person known to have an alleged interest in the forfeited property. *Id.* at 10, ¶¶ 11-12; *see also* FED. R. CRIM. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(1).

After the Government complied with its notice obligations,[4] numerous third parties began filing petitions under the federal criminal forfeiture statute, 21 U.S.C. § 853, claiming superior legal interests in the forfeited property. Following the closing of the 30-day statutory window for filing third-party claims, on October 27, 2014, the undersigned ordered the Government to file a status report outlining, *inter alia*, the total number of third-party claims filed and the Government's position with respect to each. (ECF No. 178 at 2).

The Government thus filed a status report on November 7, 2014. (ECF No. 182). Per the status report, thirty-one total petitions had been filed at that time, and many were allegedly legally deficient. *Id.* at 2, 8. During a status conference on November 19, 2014, the Government asserted that many of the petitions were subject to dismissal because they had not been signed under penalty of perjury as required under 21 U.S.C. § 853(n) and/or had been filed by a non-lawyer on behalf of a business entity.[5] *Id.* at 5-9.

After the status conference, on November 20, 2014, the undersigned issued a scheduling order, which included two deadlines for curing the alleged defects raised by the Government. (ECF

---

[4] According to the Government:

> The United States sent forty-four (44) direct written notices to potential third party claimants of which the United States was aware. Forty-three notice letters were sent on August 21, 2014; one notice letter was sent on September 9, 2014. The notice letters were delivered on August 22, 2014 or September 10, 2014, respectively. In addition, the United States published notice of the forfeiture order on an official government internet site. The last date of publication was September 21, 2014.

(ECF No. 182 at 2).

[5] In its Motion, the Government notes that it will file motions addressing the "claims of unsecured creditors" after discovery is completed. (ECF No. 212 at n.1); *see also* (ECF No. 182 at 8-9) (listing alleged "claims of unsecured creditors").

3

No. 189).  First, to the extent any petition had not been signed under penalty of perjury as required under 21 U.S.C. § 853(n)(3), those petitioners had until November 26, 2014 to file amended, sworn petitions.  *Id.* at 2, ¶ 4.  Second, to the extent any petition had been filed by a non-lawyer on behalf of a business entity, those entities had until December 5, 2014 to retain counsel and have them enter an appearance in this proceeding.  *Id.* at 1-2, ¶ 2.  The undersigned's order expressly warned that failure to comply with either deadline could result in dismissal on motion by the Government.  *Id.* at 1-2.

Accordingly, because these deadlines have expired, the Government now moves to dismiss those petitions that purportedly remain legally deficient.  (ECF No. 212).  Only one petitioner—Joseph Profeta d/b/a ProCoins—opposes the Government's Motion.  (ECF No. 217).

## II. DISCUSSION

In its Motion, the Government seeks dismissal of: (A) petitions not signed by the petitioner under penalty of perjury; and (B) petitions filed by non-lawyers on behalf of business entities.  Each category is addressed below.

### A. Petitions Not Signed by the Petitioner under Penalty of Perjury: ECF Nos. 142, 170 and 173

An ancillary forfeiture proceeding is "the sole means by which a third-party claimant can establish entitlement to return of forfeited property."  *United States v. Davenport*, 668 F.3d 1316, 1320 (11th Cir. 2012) (citing 21 U.S.C. § 853(n)(2) and *Libretti v. United States*, 516 U.S. 29, 44 (1995)).  At the outset, a third party claiming an interest in forfeited property must, "within thirty days of the final publication of notice or his receipt of notice . . . , whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property."  21 U.S.C. § 853(n)(2).  The petition "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title,

or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). The petition also "shall be signed by the petitioner under penalty of perjury." *Id.*

Courts strictly construe these statutory requirements "to discourage false or frivolous claims." *United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010) (compiling exemplar cases); *accord United States v. Burge*, 829 F. Supp. 2d 664, 667 (C.D. Ill. 2011) ("Federal courts require strict compliance with the pleading requirements of § 853(n)(3), primarily because there is a substantial danger of false claims in forfeiture proceedings."). Indeed, failure to comply with the criteria in 21 U.S.C. § 853(n)(3) "'is grounds for dismissal without a hearing.'" *United States v. Kokko*, No. 06-CR-20065, 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007) (quoting *United States v. Pegg*, No. 7:97-CR-30(HL), 1998 WL 34309460, at *2 (M.D. Ga. Nov. 25, 1998) (compiling cases so holding)).

Here, the Government argues—and the undersigned agrees—that the petitions at ECF Nos. 142, 170 and 173 should be dismissed because they are not signed under penalty of perjury as required under 21 U.S.C. § 853(n)(3), despite notice and the opportunity to amend. (ECF No. 212 at 6). To be clear, the undersigned's order on November 20, 2014 specifically warned the third parties who had filed the petitions at ECF Nos. 142, 170 and 173 that they had until November 26, 2014 to file amended, sworn petitions. (ECF No. 189 at 2). The undersigned's order further warned that "[f]ailure to comply with this deadline may result in the dismissal of any unsworn petition on motion by the Government." *Id.*

Despite these warnings, the petitions at ECF Nos. 142, 170 and 173 remain unsworn.[6] *See* (ECF Nos. 142, 170 and 173). None of the relevant petitioners, moreover, have asked the Court for

---

[6] Other petitioners heeded the undersigned's warnings and filed amended, sworn petitions. *Compare* (ECF No. 144) *with* (ECF No. 202), *and compare* (ECF Nos. 155/156) *with* (ECF No. 193).

additional time to amend their unsworn petitions. Nor have they opposed the Government's Motion to dismiss their unsworn petitions. Accordingly, under such circumstances, the undersigned recommends that the Government's Motion to dismiss the unsworn petitions at ECF Nos. 142, 170 and 173 be granted, and that these petitions be dismissed. *See Burge*, 829 F. Supp. 2d at 667 (dismissing petition because it "was signed only by counsel" and was not "submitted under penalty of perjury"); *accord Ginn*, 799 F. Supp. 2d at 647 (dismissing pro se petitions because, *inter alia*, they were "not signed or sworn under penalty of perjury"); *United States v. Andujar*, No. 8:13-CR-189-T-33TGW, 2014 WL 3894336, at *2-3 (M.D. Fla. Aug. 8, 2014) (dismissing petitions because, *inter alia*, they were unsworn); *United States v. Molina-Sanchez*, No. 3:12-CR-25-FDW, 2013 WL 4083271, at *2 (W.D.N.C. Aug. 13, 2013) (dismissing pro se petition because it was unsworn); *United States v. Loria*, No. 3:08-CR-233-2, 2009 WL 3103771, at *2 (W.D.N.C. Sept. 21, 2009) (dismissing petition because it was neither timely nor signed under penalty of perjury); *United States v. Freedman*, No. 05-CR-14096, 2007 WL 1068484, at *2 (S.D. Fla. Apr. 9, 2007) (adopting recommendation to dismiss petition because, *inter alia*, it was unsworn).

### B. Petitions Filed by Non-Lawyers on Behalf of Business Entities: ECF Nos. 116/117,[7] 118, 136, 142, 147, 148, 155/156/193,[8] 170, and 173

It is well settled that corporations, partnerships, and limited liability companies are artificial legal entities that can act only through agents, cannot appear pro se, and must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."); *see also Souffrant v. Denhil Oil, LLC*, No. 10-80246-CIV, 2010 WL 1541192, at *1 (S.D. Fla. Apr. 16, 2010) ("The proposition that a corporation must

---

[7] ECF No. 116 is a petition, while ECF No. 117 contains exhibits in support of that petition.

[8] ECF No. 155 is an original petition, ECF No. 156 is a duplicate, and ECF No. 193 is an amended petition—all filed by the same petitioner.

6

be represented by an attorney also applies to limited liability companies."). Consequently, when such entities are unrepresented in litigation and fail to retain counsel despite notice and an opportunity to do so, their claims or defenses may be dismissed. *See, e.g.*, *Palazzo*, 764 F.2d at 1386 (affirming dismissal of corporation's claims because it failed to retain counsel despite opportunity to do so).

Mindful of these principles, the undersigned's order on November 20, 2014 warned all petitioners that, to the extent any petition had been filed by a non-lawyer on behalf of a business entity, those entities had until December 5, 2014 to retain a lawyer and have them enter an appearance in this proceeding. (ECF No. 189 at 1) (citing *Palazzo*, 764 F.2d at 1385). The order further warned that "[f]ailure to comply with this deadline may result in the dismissal of any unrepresented business entity's petition on motion by the Government." *Id.* at 1-2.

1. **Petitions at ECF Nos. 116/117, 118, 136, 147 and 173: Business Entities Without Counsel**

The Government seeks dismissal of the petitions at ECF Nos. 116/117, 118, 136, 147, and 173 because they were purportedly filed by non-lawyers on behalf of business entities that have failed to retain counsel, despite notice and the opportunity to do so.[9] (ECF No. 212 at 7, 9). Each petition is addressed below.

a. **Petition at ECF Nos. 116/117**

Rachelle McNulty, a non-lawyer,[10] has filed a petition on behalf of The Gold and Silver Refinery LLC, located in Palm Bay, Florida. (ECF No. 116). However, because The Gold and

---

[9] Because the undersigned has already recommended dismissal of the petition at ECF No. 173 for failure to file an amended, sworn petition, the undersigned does not address the Government's alternative argument that the petition also should be dismissed since the corporate petitioner has failed to retain counsel, despite notice and the opportunity to do so.

[10] The undersigned has consulted various sources, including the petition, The Florida Bar's website, and this Court's CM/ECF system, but has found no evidence that Ms. McNulty is a lawyer admitted

7

Silver Refinery LLC is a Florida limited liability company,[11] it must be represented by counsel. *See Souffrant*, 2010 WL 1541192 at *1. Yet despite notice and the opportunity to retain counsel, it has failed to do so. Nor has it opposed the Government's Motion. The undersigned, therefore, recommends that the Government's Motion to dismiss The Gold and Silver Refinery LLC's petition at ECF Nos. 116/117 be granted, and that this petition be dismissed.

### b. Petition at ECF No. 136

Catherine Van Zeeland, a non-lawyer,[12] has filed a petition on behalf of Yulee Pawn and Collectibles, Inc., located in Yulee, Florida. (ECF No. 136). However, because Yulee Pawn and Collectibles, Inc. is a Florida corporation,[13] it must be represented by counsel. *See Palazzo*, 764 F.2d at 1385. Yet despite notice and the opportunity to retain counsel, it has failed to do so. Nor has it opposed the Government's Motion. The undersigned, therefore, recommends that the Government's Motion to dismiss Yulee Pawn and Collectibles, Inc.'s petition at ECF No. 136 be granted, and that this petition be dismissed.

---

to practice law before this Court or in the State of Florida. Nor has Ms. McNulty challenged the Government's assertion that she is not a lawyer or otherwise opposed the Government's Motion.

[11] *See Florida Department of State, Division of Corporations*, http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=GOLDSILVERREFINERY%20L080000755430&aggregateId=flal-l08000075543-5d8972b9-f557-4db6-af5e-dbe7d4e60e51&searchTerm=The%20Gold%20and%20Silver%20Refinery%20LLC%20&listNameOrder=GOLDSILVERREFINERY%20L080000755430 (last visited Jan. 9, 2015).

[12] The undersigned has consulted various sources, including the petition, The Florida Bar's website, and this Court's CM/ECF system, but has found no evidence that Ms. Van Zeeland is a lawyer admitted to practice law before this Court or in the State of Florida. Nor has Ms. Van Zeeland challenged the Government's assertion that she is not a lawyer or otherwise opposed the Government's Motion.

[13] *See Florida Department of State, Division of Corporations*, http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=YULEEPAWNCOLLECTIBLES%20P090001035660&aggregateId=domp-p09000103566-70200b7a-5655-4bf0-83b0-753b7ed3b225&searchTerm=Yulee%20Pawn%20and%20Collectibles%2C%20Inc.%2C%20&listNameOrder=YULEEPAWNCOLLECTIBLES%20P090001035660 (last visited Jan. 9, 2015).

### c. Petition at ECF No. 147

Sam Friedman, a non-lawyer,[14] has filed a petition on behalf of GRF Holdings Group LLC, located in Hollywood, Florida. (ECF No. 147). However, because GRF Holdings Group LLC is a Florida limited liability company,[15] it must be represented by counsel. *See Palazzo*, 764 F.2d at 1385.

On December 5, 2014, Mr. Friedman moved for an extension of time for GRF Holdings Group LLC to retain counsel and have counsel enter an appearance in this proceeding. (ECF No. 204). The undersigned granted the motion, extending the deadline to December 15, 2014. (ECF No. 205). To date, however, GRF Holdings Group LLC has failed to retain counsel and have counsel enter an appearance in this proceeding. Nor has it opposed the Government's Motion. The undersigned, therefore, recommends that the Government's Motion to dismiss GRF Holdings Group LLC's petition at ECF No. 147 be granted, and that this petition be dismissed.

### d. Petition at ECF No. 118

Joseph Profeta, a non-lawyer and non-Florida resident, has filed a petition on behalf of ProCoins, Inc., located in Gibsonia, Pennsylvania. (ECF No. 118). Mr. Profeta is the only petitioner who opposes the Government's Motion. (ECF No. 217). He argues that ProCoins, Inc.'s petition should not be dismissed because he has substantially complied with the undersigned's order to retain counsel and have counsel enter an appearance by December 5, 2014. *Id.* at 2. Although

---

[14] The undersigned has consulted various sources, including the petition, The Florida Bar's website, and this Court's CM/ECF system, but has found no evidence that Mr. Friedman is a lawyer admitted to practice law before this Court or in the State of Florida. Nor has Mr. Friedman challenged the Government's assertion that he is not a lawyer or otherwise opposed the Government's Motion.

[15] *See Florida Department of State, Division of Corporations*, http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=GRFHOLDINGSGROUP%20L070000627410&aggregateId=flal-l07000062741-d4895251-2006-4c69-bada-f4a5dbf1da81&searchTerm=GRF%20Holdings&listNameOrder=GRFHOLDINGSGROUP%20L070000627410 (last visited Jan. 12, 2015).

ProCoins, Inc.'s counsel did not appear in this proceeding until December 15, 2014, Mr. Profeta asserts that "no parties have been prejudiced by his slight delay in obtaining counsel." *Id.* Thus, in his view, the Court should not dismiss ProCoins, Inc.'s petition—"'a sanction of last resort[.]'" *Id.* (quoting *Goodison v. Washington Mut. Bank*, 232 F. App'x 922, 923 (11th Cir. 2007)). The Government, for its part, makes no attempt to rebut Mr. Profeta's argument. Accordingly, in light of ProCoins, Inc.'s relatively minimal delay in retaining counsel, the undersigned recommends that the Government's Motion to dismiss the petition at ECF No. 118 be denied. This petition should remain viable.

### 2. Petitions at ECF Nos. 142, 148, 155/156/193 and 170: Alleged Sole Proprietorships

The Government next seeks dismissal of the petitions at ECF Nos. 142, 148, 155/156/193, and 170, which were purportedly filed on behalf of sole proprietorships.[16] (ECF No. 212 at 7-8). Although the Government acknowledges that sole proprietorships may appear pro se, the Government contends that these petitioners (except for ECF No. 142) have not filed any documentation showing that they are, in fact, sole proprietorships. *Id.* at 7-8. Accordingly, the Government argues that these petitions should be dismissed.

A sole proprietorship may litigate pro se because—unlike corporations, partnerships, and limited liability companies—"it has no legal identity separate from the proprietor himself." *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) (citing *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.4 (4th Cir. 2007); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); and *Lowery v. Hoffman*, 188 F.R.D. 651, 653-54 (M.D. Ala. 1999)); *contra Omega Consulting v. Farrington Mfg. Co.*, 604 F. Supp. 2d 684, 684-85 (S.D.N.Y. 2009) ("While some

---

[16] Because the undersigned has already recommended dismissal of the petitions at ECF Nos. 142 and 170 for failure to file amended, sworn petitions, the undersigned does not address the Government's alternative argument for dismissal of these petitions.

courts have allowed sole proprietorships to proceed *pro se* on the theory that such entities have no legal existence apart from their owner, this Court disagrees.  If a party wishes to take advantage of the benefits of the corporate form, he or she must also assume its concomitant burdens.").

### a. Petition at ECF No. 148

Dyana Mantzouranis and Michael Mantzouranis have filed a petition as the "owners" of TH Jewelers, located in Sonora, California.  (ECF No. 148).  The Government argues that their petition should be dismissed because "[i]mplicit in the concept of a sole proprietorship is the notion that the business has a sole owner."  (ECF No. 212 at 8); *see also Lowery*, 188 F.R.D. at 654 (explaining that "a sole proprietorship and its owner are essentially one and the same"); BLACK'S LAW DICTIONARY 1520 (9th ed. 2009) (defining a "sole proprietorship" as "[a] business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity").  Thus, according to the Government, "it is not certain that a business with two or more owners would be considered a sole proprietorship for which the owners may represent the business."  (ECF No. 212 at 8).

However, "California is, and always has been, a community property state." *In re Marriage of Valli*, 324 P.3d 274, 282 (Cal. 2014).  Accordingly, if Mr. and Ms. Mantzouranis are married and established or acquired TH Jewelers during their marriage and while domiciled in California, then it is *possible* that they jointly own TH Jewelers as a sole proprietorship.  *See, e.g.*, CAL. FAM. CODE § 760.  Yet nothing in the record indicates whether this possibility is, in fact, a reality.  Nor have Mr. and Ms. Mantzouranis opposed the Government's Motion.  Accordingly, under such circumstances, the undersigned recommends that the Government's Motion to dismiss the petition at ECF No. 148 be granted, and that this petition be dismissed.

### b. Petition at ECF Nos. 155/156/193

Dean Holsworth has filed a petition on behalf of Holsworth's Coins and Collectibles, located in Sanford, Michigan. (ECF Nos. 155, 156 and 193). The Government argues that this petition should be dismissed because there is no record evidence showing that Holsworth's Coins and Collectibles is a sole proprietorship. (ECF No. 212 at 8). The petition, however, is signed by Mr. Holsworth as the "Owner/Sole Proprietor" of Holsworth's Coins and Collectibles. (ECF No. 193 at 2). At the pleading stage, the undersigned finds this allegation sufficient to plausibly suggest that Holsworth's Coins and Collectibles is a sole proprietorship. The undersigned, therefore, recommends that the Government's Motion to dismiss the petition at ECF Nos. 155/156/193 be denied. This petition should remain viable.

### C. Untimely Petition: ECF No. 220

Finally, the undersigned addresses the petition at ECF No. 220 *sua sponte*. On January 9, 2015, C&M Jewelry filed the petition claiming an interest in the forfeited property. (ECF No. 220). The 30-day statutory window for filing third-party claims against the forfeited property, however, closed on October 21, 2014. (ECF Nos. 171 and 172 at 2-3); *see also* 21 U.S.C. § 853(n)(2) (requiring a third party to file its petition "within thirty days of the final publication of notice or his receipt of notice . . . , whichever is earlier").

Therefore, because the petition was filed approximately eleven weeks late, and because the petitioner did not sign the petition under penalty of perjury as required under 21 U.S.C. § 853(n)(3), the undersigned recommends that the Government's Motion to dismiss the petition at ECF No. 220 be granted, and that this petition be dismissed. *See United States v. Marion*, 562 F.3d 1330, 1337 (11th Cir. 2009) ("If a third party chooses not to file a petition within the prescribed thirty days, however, she forfeits her interests in the property."); *accord United States v. Sharma*, 509 F. App'x

381, 382 (5th Cir. 2013) ("A third party who files an untimely petition loses his right to assert any interest in the property.").

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Government's Omnibus Motion to Dismiss Petitions that are not Verified and/or that were Filed by a Non-Lawyer on Behalf of a Business Entity (ECF No. 212) be **GRANTED IN PART AND DENIED IN PART** as follows:

(1) The Motion should be **GRANTED** as to the petitions at ECF Nos. 116/117, 136, 142, 147, 148, 170 and 173. Accordingly, these petitions should be dismissed.

(2) Based on the undersigned's *sua sponte* review of the record, the petition at ECF No. 220 also should be dismissed.

(3) The Motion should be **DENIED** as to the petitions at ECF Nos. 118 and 155/156/193. Accordingly, these petitions should remain viable.

Additionally, it is hereby **ORDERED AND ADJUDGED** that the Government shall serve a copy of this Report and Recommendation ("R&R") on all pro se and individual petitioners in this ancillary forfeiture proceeding via U.S. mail within two (2) business days of the date of this R&R, and shall file a notice of compliance certifying that it has done so.

Any party to this proceeding may serve and file specific written objections to this R&R with the District Judge within **fourteen (14) days** of being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in this R&R and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *Id.*; *see also Thomas v. Arn*, 474 U.S. 140, 153-54 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on January 13, 2015.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
All Counsel of Record