UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CR-60094-BLOOM/VALLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

NATALIE JEWELRY d/b/a
GOLDEN OPPORTUNITIES,
JED LADIN, and NATALIE LADIN,

    Defendants.
_____/

**ORDER GRANTING THE GOVERNMENT'S MOTION FOR CORRECTION
AND SECOND REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the United States of America's (the "Government") Response to Report and Recommendation and Motion for Correction as to Petition at ECF No. 117 ("Motion for Correction") (ECF No. 231). For the reasons set forth below, the undersigned grants the Government's Motion for Correction and issues this Second Report and Recommendation.

    **I.**    **BACKGROUND**

On January 13, 2015, the undersigned issued a Report and Recommendation regarding Ancillary Forfeiture Proceeding (the "R&R") (ECF No. 224), recommending that the Government's Omnibus Motion to Dismiss Petitions that are not Verified and/or that were Filed by a Non-Lawyer on Behalf of a Business Entity (the "Omnibus Motion to Dismiss") (ECF No. 212) be granted in part and denied in part.

Specifically, one of the petitions that the undersigned recommended dismissing was "The Gold and Silver Refinery, LLC's petition docketed at ECF Nos. 116/117." (ECF No. 224 at 6-8). The text for these online docket entries reflected that The Gold and Silver Refinery, LLC's petition

was docketed at both ECF Nos. 116 and 117—i.e., that ECF No. 116 was the petition, while ECF No. 117 contained exhibits in support of that petition.[1] (ECF Nos. 116, 117). Because the undersigned ultimately found that The Gold and Silver Refinery, LLC's petition (at ECF No. 116) was legally deficient, the undersigned recommended the petition, and its supporting documents (at ECF No. 117), be dismissed. *Id.* 8.

The Government has now filed its Motion for Correction (ECF No. 231). The Government points out that ECF No. 117 is actually a separate petition filed by Cody W. Zorn on behalf of Sierra Silver and Gold Buyers, which the Government also seeks to dismiss in its Omnibus Motion to Dismiss because the petition was filed by a non-lawyer on behalf of a business entity. (ECF No. 212 at 2-3, 7). Because the undersigned did not address this petition and the Government's argument for dismissal in her original R&R, the undersigned examines this argument below.

II.   DISCUSSION

Corporations, partnerships, and limited liability companies are artificial legal entities that can act only through agents, cannot appear pro se, and must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."); *see also Souffrant v. Denhil Oil, LLC*, No. 10-80246-CIV, 2010 WL 1541192, at *1 (S.D. Fla. Apr. 16, 2010) ("The proposition that a corporation must be represented by an attorney also applies to limited liability companies."). Consequently, when such entities are unrepresented in litigation and fail to retain counsel despite notice and an opportunity to do so, their

---

[1] The docket text at ECF No. 116 says "MOTION/PETITION for Remission or Mitigation of a Criminal or Civil Forfeiture Action . . . by Rachelle A. McNulty," while the docket text at ECF No. 117 says "NOTICE of filing Exhibits of by [sic] Rachelle A. McNulty . . . re 116 MOTION/PETITION . . . ." (ECF Nos. 116, 117).

claims or defenses may be dismissed.  *See, e.g.*, *Palazzo*, 764 F.2d at 1386 (affirming dismissal of corporation's claims because it failed to retain counsel despite opportunity to do so).

Mindful of these principles, the undersigned issued an order on November 20, 2014 warning all petitioners that, to the extent any petition had been filed by a non-lawyer on behalf of a business entity, those entities had until December 5, 2014 to retain a lawyer and have them enter an appearance in this proceeding.  (ECF No. 189 at 1) (citing *Palazzo*, 764 F.2d at 1385).  The undersigned's order further warned that "[f]ailure to comply with this deadline may result in the dismissal of any unrepresented business entity's petition on motion by the Government."  *Id.* at 1-2.

In its Omnibus Motion to Dismiss, the Government argues that Sierra Silver and Gold Buyers' petition at ECF No. 117 should be dismissed because it was filed by a non-lawyer on behalf of a business entity that has failed to retain counsel, despite notice and the opportunity to do so.  (ECF No. 212 at 2-3, 7).  The undersigned agrees.

Cody W. Zorn, a non-lawyer,[2] filed the petition at ECF No. 117 on behalf of Sierra Silver and Gold Buyers, located in Reno, Nevada.  (ECF No. 117).  The petition, however, does not contain any allegations or evidence suggesting that Sierra Silver and Gold Buyers is a sole proprietorship and that Mr. Zorn is the sole proprietor.  *Id.*; *cf. United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("A sole proprietorship may litigate pro se because it has no legal identity separate from the proprietor himself.") (citations omitted).

Accordingly, because Sierra Silver and Gold Buyers is a business entity, it must be represented by counsel.  *See Palazzo*, 764 F.2d at 1385.  Moreover, despite notice and the opportunity to retain counsel, it has failed to do so.  Nor has it opposed the Government's Motion.

---

[2] The undersigned has consulted various sources, including the petition, The Florida Bar's website, and this Court's CM/ECF system, but has found no evidence that Mr. Zorn is a lawyer admitted to practice law before this Court or in the State of Florida.  Nor has Mr. Zorn challenged the Government's assertion that he is not a lawyer or otherwise opposed the Government's Omnibus Motion to Dismiss.

The undersigned, therefore, recommends that the Government's Omnibus Motion to Dismiss the Sierra Silver and Gold Buyers' petition at ECF No. 117 be granted, and that the petition be dismissed.

### III.  CONCLUSION

For the foregoing reason, the undersigned **GRANTS** the Government's Motion for Correction (ECF No. 231) and issues this Second Report and Recommendation, respectfully recommending that the Government's Omnibus Motion to Dismiss (ECF No. 212) also be **GRANTED** as to Sierra Silver and Gold Buyers' petition at ECF No. 117.

Additionally, it is hereby **ORDERED AND ADJUDGED** that the Government shall serve a copy of this Supplemental Report and Recommendation on all pro se and individual petitioners in this ancillary forfeiture proceeding via U.S. mail within two (2) business days of the date of this R&R, and shall file a notice of compliance certifying that it has done so.

The parties may serve and file specific written objections to this R&R with the District Judge within **fourteen (14) days** of being served with a copy.  28 U.S.C. § 636(b)(1)(C).  Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in this R&R and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *Id.*; *see also Thomas v. Arn*, 474 U.S. 140, 153-54 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on January 27, 2015.

*/s/ Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
All Counsel of Record