**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 14-CR-60094-BLOOM/VALLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

NATALIE JEWELRY d/b/a
GOLDEN OPPORTUNITIES,
JED LADIN, and NATALIE LADIN,

    Defendants.
_____/

**OMNIBUS ORDER ON MOTION TO EXTEND**
**DISCOVERY DEADLINES AND MOTIONS TO QUASH SUBPOENAS**

THIS MATTER is before the Court on Claimant Omar Foglia on behalf of Lynk International's ("Lynk") Motion to Extend Discovery Deadlines and Modify Second Amended Scheduling Order (ECF No. 322), and Non-Parties Tom Cash and Republic Metals Corporation's (collectively "Republic Metals") Motions to Quash Subpoenas and for Protective Order (ECF Nos. 323 and 324).[1]  The Court has reviewed the motions, Lynk's response to Republic Metals' motions (ECF No. 328), and is otherwise duly advised in the premises.  Accordingly, for the reasons set forth below, Lynk's motion to extend the discovery deadlines is **GRANTED IN PART AND DENIED IN PART** and Republic Metals' motions to quash and for protective order are **DENIED**.

    **I.**    **BACKGROUND**

The motions filed by Lynk and Republic Metals in this ancillary forfeiture proceeding are related.  Lynk moves to extend all the discovery deadlines so that it may depose Defendant Jed

---

[1] ECF Numbers 323 and 324 appear to be duplicates.

Ladin, Tom Cash, and a corporate representative of Republic Metals.[2] (ECF No. 322). The general purpose of the depositions is to resolve any uncertainty as to whether Lynk's property was on Defendant Golden Opportunities' premises at the time of the Government's search and seizure, or whether its property had already been delivered to Republic Metals for processing.[3] (ECF No. 328 at 5-6). According to Lynk, taking these depositions "is much more efficient, both for the United States and [Lynk], than permitting a physical inspection at the conclusion of the discovery period of all the metals seized." *Id.* at 6.

Republic Metals, for its part, moves to quash (or for a protective order against) Lynk's subpoenas for deposition *duces tecum* of Tom Cash and its corporate representative. (ECF Nos. 323 and 324). As grounds, Republic Metals argues that: (1) the criminal forfeiture statute, 21 U.S.C. § 853, does not permit the discovery Lynk seeks; (2) the Court lacks jurisdiction over the property about which Lynk seeks discovery; (3) the subpoenas are unduly burdensome and seek irrelevant information; and (4) Republic Metals has not been properly served because Tom Cash is not its authorized agent. (ECF No. 323 at 4-7). Having carefully considered these issues in light of the relevant law, the Court disagrees and denies Republic Metals' motions to quash and for protective order.

## II. DISCUSSION

First, Federal Rule of Criminal Procedure 32.2 governs criminal forfeiture proceedings in conjunction with 21 U.S.C. § 853. *See United States v. Kokko*, No. 06-20065 CR, 2007 WL

---

[2] The deadline for completing depositions was May 11, 2015. (ECF No. 302 at 1).

[3] According to Lynk:

> First, Tom Cash, Republic Metals' employee, informed [Lynk] that Republic Metals had [its] gold. Later, Republic Metals' counsel stated Republic Metals did not have it. Now, Republic Metals states it received metals from Golden Opportunities the morning before the raid took place, but that it has no way of knowing whether any of it belonged to [Lynk].

(ECF No. 328 at 3-4).

2209260, at *6 (S.D. Fla. July 30, 2007). Under Rule 32.2(c)(1)(B), "the court may permit the parties [in ancillary criminal forfeiture proceedings] to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues." In this case, the Court has determined that discovery is necessary and thus has permitted the Government and the third-party claimants to "complete discovery in accordance with the Federal Rules of Civil Procedure." *See, e.g.*, (ECF No. 178 at 3); *see also* (ECF No. 302) (setting various discovery deadlines). Under Federal Rule of Civil Procedure 45, moreover, a party may seek relevant discovery from a non-party. Lynk's subpoenas on Republic Metals, therefore, are permissible.

Second, the Court has subpoena power over Republic Metals. The question is not whether the Court has *in rem* jurisdiction over property in Republic Metals' possession, but rather whether the Court has jurisdiction under Rule 45 to "command" Republic Metals to produce information and testify about property that it *may* possess in whole or in part. *See* FED. R. CIV. P. 45. In this case, because Republic Metals is located in this District, the Court has subpoena power over it.

Third, Lynk's subpoenas are not unduly burdensome, nor do they seek irrelevant information. Rather, the subpoenas are narrowly tailored to obtain three days' worth of information about deliveries from or communications with Golden Opportunities. To be sure, the subpoenas seek: (1) "Any and all records . . . of proof of deliveries from Golden Opportunities . . . from January 28, 2014 to January 31, 2014"; (2) "Any and all emails to or from Republic Metals and anyone at from [sic] Golden Opportunities . . . from January 28, 2014 to January 31, 2014"; and (3) "Any and all video surveillance of delivery area from January 31, 2014, from 10:00 AM to 2:00 PM." (ECF No. 323-1 at 4). These narrow requests are reasonably calculated to lead to the discovery of information relevant to resolving Lynk's claims in this ancillary forfeiture proceeding. Based on the narrow scope of the requests and Republic Metals' failure to substantiate its undue

3

burden claim, the Court finds that these subpoenas are not unduly burdensome. *See Bank of Mong. v. M & P Global Fin. Servs., Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009) ("[C]laims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.").

Finally, assuming without deciding that Republic Metals (as opposed to Tom Cash) has not been properly served, Lynk should ensure that its subpoena has been properly served before scheduling the deposition of Republic Metals' corporate representative. Whether Lynk should undertake additional efforts to re-serve the subpoena or whether Republic Metals' counsel should accept service on behalf of her client is left to counsels' discretion.

Accordingly, for the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) Lynk's Motion to Extend Discovery Deadlines and Modify Second Amended Scheduling Order (ECF No. 322) is **GRANTED IN PART AND DENIED IN PART**. The deadline for completing depositions is extended to **June 19, 2015.**[4] In addition, the deadline for filing motions for summary judgment is extended to **July 20, 2015**. Responses are due 14 days from the date of the motion. Replies to responses are due 7 days from the date of the response. All motions, responses, and replies shall not exceed 10 double-spaced pages, 12-point font. All other deadlines in the Court's Second Amended Scheduling Order (ECF No. 302) are unchanged.

(2) Non-Parties Tom Cash and Republic Metals Corporation's Motions to Quash Subpoenas and for Protective Order (ECF Nos. 323 and 324) are **DENIED**. Counsel shall cooperate to complete the deposition(s) on or before the newly extended discovery deadline.

---

[4] During a telephonic hearing regarding Fuerst, Ittleman, David & Joseph P.L.'s motion to withdraw as counsel for Claimant Expopar, S.R.L., (ECF No. 319), the law firm of Gray Robinson, Expopar's potential new counsel, requested a 45-day stay of this proceeding. *See* (ECF No. 327). In light of the Court extending the discovery and dispositive motion deadlines, that request is **DENIED**.

(3) To the extent Lynk or any other party to this proceeding seeks to depose Defendant Jed Ladin, Mr. Ladin shall appear for deposition on or before the discovery deadline.

(4) Finally, Lynk shall serve a copy of this Order on all pro se petitioners in this ancillary forfeiture proceeding via U.S. mail within 2 business days of the date of this Order.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on May 15, 2015.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
All Counsel of Record