**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 14-CR-60094-BLOOM/VALLE**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

NATALIE JEWELRY d/b/a
GOLDEN OPPORTUNITIES,
JED LADIN, and NATALIE LADIN,

    Defendants.

_____/

**ORDER PERMITTING PETITIONER TO ADDRESS ASSERTION OF FACT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(e)(1)**

THIS MATTER is before the Court on the United States of America's (the "Government") Motion for Summary Judgment against Petitioner Lee Toner, d/b/a Americana Collectors, LLC ("Americana") (the "Motion," ECF No. 365). United States District Judge Beth Bloom has referred all post judgment motions, including Americana's third-party petition (ECF No. 144), to the undersigned for appropriate disposition. (ECF No. 177). The undersigned has reviewed the Motion, Americana's Response (ECF No. 385), and the Government's Reply (ECF No. 391).

For the reasons set forth below and pursuant to Federal Rule of Civil Procedure 56(e), the undersigned will give Americana the opportunity to address a factual argument made in the Government's Motion that Americana did not properly address in its Response.

I.  **BACKGROUND**

This is an ancillary forfeiture proceeding that stems from the criminal prosecutions of Defendants Natalie Ladin, Jed Ladin, and Natalie Jewelry, d/b/a Golden Opportunities ("Defendants") in 2014.[1] Americana is one of many third-party petitioners that seeks, pursuant to 21 U.S.C. § 853(n), the return of certain property (i.e., 41.4 ounces of scrap gold), which was purportedly seized by the Government at Natalie Jewelry and subsequently forfeited in connection with Defendants' criminal case.  *See* (ECF No. 144).[2]  Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B), this Court permitted the parties in this ancillary forfeiture proceeding to conduct discovery and set a deadline of July 20, 2015, to file motions for summary judgment.  *See* (ECF Nos. 178 and 331).

II.  **DISCUSSION**

On July 20, 2015, the Government moved for summary judgment as to Americana's petition (ECF No. 365).  The Government argues that based on the undisputed facts, Americana cannot establish its alleged legal interest in any of the property that was seized by and forfeited to the Government in connection with Defendants' case (the "Forfeited Property") or that Americana's scrap gold was even at Defendants' premises at the time of seizure.  *Id.* at 7-8.  In support, the Government attaches the declaration of Special Agent Shauna Willard (ECF No. 359-1), in which Agent Willard states that Americana's property was transferred to a third party,

---

[1] On May 7, 2014, the Government charged Defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  (ECF No. 47).  On July 10, 2014, Defendants entered into plea agreements with the Government, (ECF Nos. 99, 101, and 104), and each Defendant then pled guilty to the money laundering conspiracy.  (ECF Nos. 93, 95, and 97).  As part of their respective plea agreements, Defendants agreed to forfeit all assets, and/or their substitutes, subject to forfeiture under § 982(a)(1) and (b)(1).  (ECF Nos. 99 at 4-8, 101 at 4-8, and 104 at 4-8).

[2] Americana alternatively seeks the payment of $29,643.59, which reflects the dollar amount Americana claims Defendants agreed to pay in exchange for its scrap gold.  (ECF No. 144 at 3).

Republic Metals Corporation, prior to the Government's seizure of the Forfeited Property.  *Id.* at 9-10, ¶ F.  Accordingly, the Government argues that because it never seized Americana's property, Americana cannot establish a legal interest in any of the Forfeited Property.  (ECF No. 391 at 1-2).

In its Response, Americana does not properly address the Government's argument that it did not seize Americana's scrap gold because it had been transferred to Republic Metals one day prior to the Government's seizure.  *See* (ECF No. 385 at 5, ¶ 14).  Rather, Americana merely states, without citing to any fact or evidence in the record, that "a portion of the 41.56 kilograms of gold, 40.888 ounces of the 1,465.95 ounces, seized from Natalie Jewelry on or about January 31, 2014 is in fact the property belonging to Americana."  *Id.*  This statement alone, however, is insufficient under Rule 56(c), which requires that a party asserting that a fact is genuinely disputed support such an assertion by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute."  Fed. R. Civ. P. 56(c)(1)(A), (B).

Federal Rule of Civil Procedure 56(e), in turn, sets forth the Court's available options upon a party's failure to comply with Rule 56(c):

> **(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> **(1)** give an opportunity to properly support or address the fact;
>
> **(2)** consider the fact undisputed for purposes of the motion;
>
> **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>
> **(4)** issue any other appropriate order.

Fed. R. Civ. P. 56(e).  Thus, pursuant to Rule 56(e)(2), this Court could treat Americana's noncompliance with Rule 56(c) as a basis to consider the Government's factual argument undisputed for purposes of the Motion.  However, in the interest of justice and pursuant to Rule 56(e)(1), the undersigned will instead afford Americana an opportunity to properly address the Government's argument that Americana's property was never seized.

Accordingly, Americana shall have seven (7) days from the date of this Order to address the Government's argument that Americana's property was not seized and not part of the Forfeited Property.  Thereafter, the Government shall have five (5) days to reply, if necessary.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on September 10, 2015.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
All Counsel of Record