UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CR-60094-BLOOM/VALLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

NATALIE JEWELRY d/b/a
GOLDEN OPPORTUNITIES,
JED LADIN, and NATALIE LADIN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION REGARDING PETITIONER TBGOODS

THIS MATTER is before the Court on the United States of America's (the "Government's") Motion for Summary Judgment against Petitioner TBGoods (the "Motion") (ECF No. 361). United States District Judge Beth Bloom has referred all post-judgment motions, including the Petition of TBGoods for Return of Forfeited Property (ECF No. 134) (the "Petition"), to the undersigned for appropriate disposition. (ECF No. 177). The undersigned has reviewed the Motion, the Petition, and being fully advised in the matter, recommends that the Government's Motion be **GRANTED** for the reasons set forth below.

**I.  BACKGROUND**

This is an ancillary forfeiture proceeding that stems from the criminal prosecutions of Defendants Natalie Ladin, Jed Ladin, and Natalie Jewelry d/b/a Golden Opportunities ("Defendants") in 2014.[1] TBGoods is a third-party petitioner that seeks the return of certain

---

[1] On May 7, 2014, the Government charged Defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (ECF No. 47). On July 10, 2014, Defendants entered into plea agreements with the Government, (ECF Nos. 99, 101, and 104), and each

property (i.e., 38.249 troy ounces of gold and 72.143 troy ounces of silver) (the "Property"), which was purportedly seized by the Government from Defendants on January 31, 2014, and subsequently ordered forfeited in connection with Defendants' criminal case. *See* (ECF No. 134 ¶ 18).[2]  Alternatively, TBGoods seeks the cash value of the Property. *Id.*  Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B), this Court permitted the parties to conduct discovery and set deadlines for the filing of dispositive motions. *See* (ECF Nos. 178, 302, and 331).

On July 20, 2015, the Government filed the Motion. (ECF No. 361). When TBGoods did not respond to the Motion, the undersigned entered an Order requiring TBGoods to show cause why the Motion should not be granted by default. (ECF No. 388). TBGoods responded to the Order to Show Cause, stating that it "has no legal reason why the Government's motion for summary judgment should not be granted." (ECF No. 407 at 1). Despite TBGoods' concession that summary judgment should be granted, the Court will nonetheless consider the merits of the Motion. *See United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.").

---

Defendant then pled guilty to the money laundering conspiracy. (ECF Nos. 93, 95, and 97). As part of their respective plea agreements, Defendants agreed to forfeit all assets, and/or their substitutes, subject to forfeiture pursuant to § 982(a)(1) and (b)(1). (ECF Nos. 99 at 4-8, 101 at 4-8, and 104 at 4-8).

[2] According to the Petition, the gold was delivered to Defendants on January 9, 2014, and the silver was delivered between February 4, 2013 and January 9, 2014. *See* (ECF No. 134 ¶¶ 9-10).

## II. APPLICABLE LAW

### A. Forfeiture

A third party claiming a legal interest in property that has been ordered forfeited to the Government may petition the court to determine the validity of that party's alleged interest in the property. 21 U.S.C. § 853(n)(2). This is accomplished through an ancillary forfeiture proceeding, where the only issue is "ownership of the property ordered forfeited in the criminal case." *United States v. Smith*, 953 F. Supp. 2d 1260, 1266 (M.D. Fla. 2013). To contest the Government's claim to the forfeited property, the petitioner "must first establish his standing to challenge the forfeiture order by demonstrating a 'legal interest' in the forfeited property under § 853(n)(2)." *United States v. Watts*, 786 F.3d 152, 160 (2d Cir. 2015); *Stettin v. United States*, No. 12-62193-CIV, 2013 WL 4028150, at *5 (S.D. Fla. Aug. 7, 2013) (noting that the standing requirements for third-party petitioners are found in section 853(n)(2), which requires an initial showing of a "legal interest"), *appeal dismissed* (Dec. 4, 2014). Thereafter, the petitioner must prove, by a preponderance of the evidence, that either: (1) its interest in the property was vested or superior to the interest of the defendant at the time of the acts giving rise to the forfeiture of the subject property; or (2) that it is a bona fide purchaser of the property for value. *See* 21 U.S.C. § 853(n)(6)(A), (B); *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003) (noting that section 853(n)(6) protects only two classes of petitioners).

Ancillary forfeiture proceedings arising from criminal cases are civil proceedings governed by the Federal Rules of Civil Procedure. *United States v. Negron-Torres*, 876 F. Supp. 2d 1301, 1304 (M.D. Fla. 2012). Accordingly, the parties in an ancillary forfeiture proceeding may move for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See Smith*, 953 F. Supp. 2d at 1266; Fed. R. Crim. P. 32.2(c)(1)(B).

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "shoulders the initial burden of showing the absence of a genuine issue of material fact." *Merideth v. Carnival Corp.*, 49 F. Supp. 3d 1090, 1092 (S.D. Fla. 2014). If this burden is satisfied, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." *Fickling v. United States*, 507 F.3d 1302, 1304 (11th Cir. 2007). If the non-moving party fails to controvert the movant's statement of material facts, and those facts are supported by record evidence, the Court may deem the movant's statement of facts admitted and undisputed for purposes of the motion. S.D. Fla. L. R. 56.1(b); Fed. R. Civ. P. 56(e)(2). Likewise, if the non-movant fails to respond to the motion for summary judgment, the Court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

### III. ANALYSIS

The Government argues that based on undisputed facts, TBGoods cannot establish a legal interest in any of the property that was seized by and forfeited to the Government in connection with Defendants' criminal case (the "Seized Property") or that TBGoods' Property was even at Defendants' premises at the time of seizure on January 31, 2014. (ECF No. 361 at 5, 7-8). In support, the Government attaches the declaration of Special Agent Shauna Willard (ECF No. 359-1) (the "Willard Declaration"). According to the Willard Declaration, Agent Willard reviewed the Petition, analyzed Defendant Natalie Jewelry's computerized customer account database, and personally inspected the Seized Property. *Id.* at 8. Agent Willard declares that she could not locate TBGoods' Property among the Seized Property or listed in any related

4

documents. *Id.* She further declares that Defendants' business records reflect that TBGoods' Property was transferred to a third party, Republic Metals Corporation, *prior* to the Government's seizure on January 31, 2014. *Id.* at 8-9. Finally, Agent Willard declares that TBGoods was provided with laboratory reports regarding the Seized Property, appraisal reports describing the Seized Property, and photographs of the Seized Property. Nonetheless, TBGoods did not identify its Property among the items seized. *Id.* at 9.

TBGoods did not oppose the Motion or the Willard Declaration. *See* (ECF No. 407). Accordingly, this Court will consider the facts asserted in the Willard Declaration as undisputed. *See* Fed. R. Civ. P. 56(e)(2). Based on these undisputed facts, the undersigned finds that TBGoods lacks standing to challenge the forfeiture of the Seized Property because it cannot establish a "legal interest" in any of the Seized Property.[3]

More specifically, a third-party petitioner seeking to assert a claim under § 853(n)(2) must show an "identifiable legal interest" in a "particular, specific asset" that is part of the forfeited property. *United States v. Ribadeneira*, 105 F.3d 833, 836-37 (2d Cir. 1997). However, since TBGoods' Property was not seized, and TBGoods has not otherwise claimed an interest in any of the Seized Property, TBGoods cannot satisfy this threshold requirement. *See DSI Associates LLC v. United States*, 496 F.3d 175, 184 (2d Cir. 2007) ("Without possessing such an interest 'in' a 'particular, specific asset' that is, or is part of, the forfeited property, [the petitioner] does not meet the statutory requirements for initiating an ancillary proceeding under

---

[3] Although the Government couches the Motion in terms of whether TBGoods can prevail on the merits of its Petition, its arguments go primarily to the issue of TBGoods' standing. *See Stettin*, 2013 WL 4028150, at *5 (distinguishing the standing requirement of showing a "legal interest" in forfeited property with the merits determination of whether petitioner can show a "superior legal interest"); *United States v. Timley*, 507 F.3d 1125, 1130 n.2 (8th Cir. 2007) (noting that many courts have conflated the standing requirement of § 853(n)(2) with the merits determination under § 853(n)(6)).

section 853(n)."); *United States v. Egan*, 811 F. Supp. 2d 829, 838 (S.D.N.Y. 2011) ("[A]s a matter of federal law, only one claiming an interest in the specific property—the *res*—that is the subject of a preliminary forfeiture order has standing to bring a claim."). Accordingly, summary judgment should be granted in favor of the Government and against TBGoods. *See United States v. Kermali*, 60 F. Supp. 3d 1280, 1283-84 (M.D. Fla. 2014) (granting summary judgment against petitioner in ancillary forfeiture proceeding based on lack of standing); *Timley*, 507 F.3d at 1130 (where petitioner has no valid interest in the forfeited property, "the inquiry ends, and the claim fails for lack of standing").

Nor can TBGoods establish standing to recover the cash value of its property. *See* (ECF No. 134 ¶ 18). Because money is a fungible item, TBGoods cannot demonstrate a particular or secured interest in specific, identifiable forfeited funds. Thus, its claim for monetary relief also fails. *See United States v. Ceballos-Lepe*, 977 F. Supp. 2d 1085, 1090 (D. Utah 2013) ("[A] petitioner typically cannot claim a specific interest in dollars because they are fungible, and a petitioner cannot identify the specific dollars in which she claims an interest. . . ."); *United States v. Ribadeneira*, 920 F. Supp. 553, 555 (S.D.N.Y. 1996) ("Dollars are fungible. As holders of checks, as opposed to security interests, petitioners are unable to assert rights to a particular asset or specified funds."), *aff'd*, 105 F.3d 833 (2d Cir. 1997).

At most, TBGoods is a general, unsecured creditor seeking to collect a debt owed by Defendants for goods sold. *See United States v. Battle*, No. 04-20159-CR, 2008 WL 5056875, at *3 (S.D. Fla. Mar. 3, 2008) ("As petitioners do not, and cannot, claim an interest in specific, forfeited assets or property, they are properly considered only general unsecured creditors attempting to collect on outstanding debts."), *adopted as modified*, No. 04-20159-CR, 2008 WL 5056840 (S.D. Fla. Nov. 21, 2008). General creditors, however, do not have standing to contest

forfeiture through an ancillary proceeding.  *See Ribadeneira*, 105 F.3d at 837; *United States v. White*, 675 F.3d 1073, 1080 (8th Cir. 2012); *United States v. Gutierrez*, No. 05-20859-CR, 2012 WL 3291976, at *3 (S.D. Fla. Aug. 13, 2012); *Negron-Torres*, 876 F. Supp. 2d at 1305; *United States v. Ovid*, No. 09-CR-216 JG ALC, 2012 WL 2087084, at *3 (E.D.N.Y. June 8, 2012).

## IV.    CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Government's Motion for Summary Judgment against Petitioner TBGoods (ECF No. 361) be **GRANTED**.

Additionally, it is hereby **ORDERED AND ADJUDGED** that, within **two (2) business days** of the date of this Report and Recommendation ("R&R"), the Government shall: (1) serve a copy of this R&R on all pro se and individual petitioners in this ancillary forfeiture proceeding via U.S. mail; and (2) file a notice of compliance regarding service.

Any party to this proceeding may serve and file specific written objections to this R&R with the District Judge within **fourteen (14) days** of being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(C).  Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in this R&R and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  *Id.*; *see also Thomas v. Arn*, 474 U.S. 140, 153-54 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on December 8, 2015.

                                                */s/ Alicia O. Valle*
                                                ALICIA O. VALLE
                                                UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
All Counsel of Record