UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CR-60094-BLOOM/VALLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

NATALIE JEWELRY d/b/a
GOLDEN OPPORTUNITIES,
JED LADIN, and NATALIE LADIN,

    Defendants.
_____/

**REPORT AND RECOMMENDATION REGARDING
PETITIONER LEE TONER, D/B/A AMERICANA COLLECTORS, LLC**

THIS MATTER is before the Court on the United States of America's (the "Government's") Motion for Summary Judgment against Petitioner Lee Toner, d/b/a Americana Collectors, LLC ("Americana") (ECF No. 365) (the "Motion"). United States District Judge Beth Bloom has referred all post-judgment motions, including Americana's third-party petition (ECF No. 144) (the "Petition"), to the undersigned for appropriate disposition. (ECF No. 177). The undersigned has reviewed the Petition, the Motion, Americana's Response (ECF No. 385), and the Government's Reply (ECF No. 391), and being fully advised in the matter, recommends that the Motion be **GRANTED** for the reasons set forth below.

**I.  BACKGROUND**

This is an ancillary forfeiture proceeding that stems from the 2014 criminal prosecutions of Defendants Natalie Ladin, Jed Ladin, and Natalie Jewelry d/b/a Golden Opportunities

("Defendants").[1]  Americana is a third-party petitioner that seeks the return of certain property (i.e., 41.4 ounces of scrap gold), which was purportedly seized by the Government from Defendants on January 31, 2014, and subsequently ordered forfeited in connection with Defendants' criminal case.  *See* (ECF No. 144).  Alternatively, Americana seeks the payment of $29,643.59, which represents the amount Americana claims Defendants agreed to pay in exchange for its scrap gold.  *Id.* at 3.  Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B), this Court permitted the parties to conduct discovery and set a deadline for the filing of dispositive motions.  *See* (ECF Nos. 178, 302, and 331).  On July 20, 2015, the Government filed the Motion.

## II.   APPLICABLE LAW

### A.  Forfeiture

A third party claiming a legal interest in property that has been ordered forfeited to the Government may petition the court to determine the validity of that party's alleged interest in the property. 21 U.S.C. § 853(n)(2).  This is accomplished through an ancillary forfeiture proceeding, where the only issue is "ownership of the property forfeited in the criminal case." *United States v. Smith*, 953 F. Supp. 2d 1260, 1266 (M.D. Fla. 2013).  To contest the Government's claim to the forfeited property, the petitioner "must first establish his standing to challenge the forfeiture order by demonstrating a 'legal interest' in the forfeited property under § 853(n)(2)." *United States v. Watts*, 786 F.3d 152, 160 (2d Cir. 2015); *Stettin v. United States*,

---

[1] On May 7, 2014, the Government charged Defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (ECF No. 47). On July 10, 2014, Defendants entered into plea agreements with the Government, (ECF Nos. 99, 101, and 104), and each Defendant then pled guilty to the money laundering conspiracy.  (ECF Nos. 93, 95, and 97).  As part of their respective plea agreements, Defendants agreed to forfeit all assets, and/or their substitutes, subject to forfeiture under § 982(a)(1) and (b)(1). (ECF Nos. 99 at 4-8, 101 at 4-8, and 104 at 4-8).

No. 12-62193-CIV, 2013 WL 4028150, at *5 (S.D. Fla. Aug. 7, 2013) (standing requirements for third-party petitioners are found in § 853(n)(2), which requires an initial showing of a "legal interest"). Thereafter, the petitioner must prove, by a preponderance of the evidence, that either: (1) its interest in the property was vested in the petitioner or was superior to the interest of the defendant at the time of the acts giving rise to the forfeiture of the subject property; or (2) that it is a bona fide purchaser of the property for value. *See* 21 U.S.C. § 853(n)(6)(A), (B); *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003) (noting that § 853(n)(6) protects only two classes of petitioners).

Ancillary forfeiture proceedings arising from criminal cases are civil proceedings governed by the Federal Rules of Civil Procedure. *United States v. Negron-Torres*, 876 F. Supp. 2d 1301, 1304 (M.D. Fla. 2012). Accordingly, the parties in an ancillary forfeiture proceeding may move for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See Smith*, 953 F. Supp. 2d at 1266; Fed. R. Crim. P. 32.2(c)(1)(B).

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "shoulders the initial burden of showing the absence of a genuine issue of material fact." *Merideth v. Carnival Corp.*, 49 F. Supp. 3d 1090, 1092 (S.D. Fla. 2014). If this burden is satisfied, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." *Fickling v. United States*, 507 F.3d 1302, 1304 (11th Cir. 2007). The party opposing summary judgment "must rely on more than conclusory statements or allegations unsupported by facts." *Smith*, 953. F. Supp. 2d at 1267 (citing *Evers v. General Motors Corp.*, 770 F.2d 984. 986 (11th Cir. 1985)). If the non-moving party fails to controvert the movant's statement of material facts, and those facts are

supported by record evidence, the Court may deem the movant's statement of facts admitted and undisputed for purposes of the motion. S.D. Fla. L R. 56.1(b); Fed. R. Civ. P. 56(e)(2). Likewise, "[i]f the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Jackson v. Sara Lee Bakery Grp.*, 517 F. App'x 645, 646 (11th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

### III.   ANALYSIS

The Government argues that based on undisputed facts, Americana cannot establish a legal interest in any of the property that was seized by and forfeited to the Government in connection with Defendants' criminal case (the "Seized Property"), or that Americana's scrap gold was even present at Defendants' premises at the time of seizure on January 31, 2014. (ECF Nos. 365 at 3, 7-8; 391 at 1-2). In support, the Government attaches the declaration of Special Agent Shauna Willard (ECF No. 359-1) (the "Willard Declaration").

According to the Willard Declaration, Agent Willard reviewed the Petition, analyzed Defendant Natalie Jewelry's computerized customer account database, and personally inspected the Seized Property. *Id.* at 9-10. Agent Willard declares that she could not locate Americana's property among the Seized Property or listed in any related documents. *Id.* at 10. She further declares that Defendants' business records confirm that Americana's property was transferred to a third party, Republic Metals Corporation, one day prior to the Government's seizure on January 31, 2014. *Id.* at 9-10. Finally, Agent Willard declares that although Americana was provided laboratory reports regarding the Seized Property, appraisal reports describing the Seized Property, and photographs of the Seized Property, Americana did not identify its scrap gold among the items seized. *Id.* at 10.

In response, Americana argues that it can identify its scrap gold among the Seized Property. *See* (ECF No. 385 at 5). Americana, however, failed to provide any record or evidentiary support for its assertion. *See* Fed. R. Civ. P. 56(c)(1)(A),(B) (requiring that a party asserting that a fact is genuinely disputed support such an assertion by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute"). Pursuant to Rule 56(e)(1), the undersigned gave Americana the opportunity to supplement its Response to specifically address the Government's argument that Americana's property was not seized. *See* (ECF No. 408). Americana has since conceded that it "cannot refute the documentation provided by the Government." *See* (ECF No. 412). Americana has also failed to provide any other evidentiary support for its initial assertion that it could identify its scrap gold among the Seized Property. Accordingly, because Americana has failed to controvert the Government's evidence, this Court will consider the facts set forth in the Willard Declaration as undisputed in ruling on the Motion. *See* Fed. R. Civ. P. 56(e)(2).

Based on the undisputed facts, this Court finds that Americana lacks standing to challenge the forfeiture of the Seized Property because it cannot establish a "legal interest" in the Seized Property.[2] A third-party petitioner seeking to assert a claim under § 853(n)(2) must show an "identifiable legal interest" in a "particular, specific asset" that is part of the forfeited property. *United States v. Ribadeneira*, 105 F.3d 833, 836-37 (2d Cir. 1997). However, since Americana's property was not seized, and Americana has not otherwise claimed an interest in

---

[2] Although the Government couches the Motion in terms of whether Americana can prevail on the merits of its Petition, its arguments primarily address the issue of Americana's standing. *See Stettin*, 2013 WL 4028150, at *5 (distinguishing the standing requirement of showing a "legal interest" in forfeited property with the merits determination of whether petitioner can show a "superior legal interest"); *United States v. Timley*, 507 F.3d 1125, 1130 n.2 (8th Cir. 2007) (noting that many courts have conflated the standing requirement of § 853(n)(2) with the merits determination under § 853(n)(6)).

any of the Seized Property, Americana cannot satisfy this threshold requirement.  *See DSI Associates LLC v. United States*, 496 F.3d 175, 184 (2d Cir. 2007) ("Without possessing such an interest 'in' a 'particular, specific asset' that is, or is part of, the forfeited property, [the petitioner] does not meet the statutory requirements for initiating an ancillary proceeding under section 853(n)."); *United States v. Egan*, 811 F. Supp. 2d 829, 838 (S.D.N.Y. 2011) ("[A]s a matter of federal law, only one claiming an interest in the specific property—the *res*—that is the subject of a preliminary forfeiture order has standing to bring a claim.").  Accordingly, summary judgment should be granted in favor of the Government and against Americana.  *See United States v. Kermali*, 60 F. Supp. 3d 1280, 1283-84 (M.D. Fla. 2014) (granting summary judgment against petitioner in ancillary forfeiture proceeding based on lack of standing); *Timley*, 507 F.3d at 1130 (where petitioner has no valid interest in the forfeited property, "the inquiry ends, and the claim fails for lack of standing").

Nor can Americana establish standing by alternatively seeking the cash value that Defendants allegedly agreed to pay for its scrap gold.  *See* (ECF No. 144 at 3).  Because money is a fungible item, Americana cannot demonstrate a particular or secured interest in specific, identifiable forfeited funds.  Thus, its claim for monetary relief also fails.  *See United States v. Ceballos-Lepe*, 977 F. Supp. 2d 1085, 1090 (D. Utah 2013) ("[A] petitioner typically cannot claim a specific interest in dollars because they are fungible, and a petitioner cannot identify the specific dollars in which she claims an interest. . . ."); *United States v. Ribadeneira*, 920 F. Supp. 553, 555 (S.D.N.Y. 1996) ("Dollars are fungible.  As holders of checks, as opposed to security interests, petitioners are unable to assert rights to a particular asset or specified funds."), *aff'd*, 105 F.3d 833 (2d Cir. 1997).

At most, Americana is a general, unsecured creditor that seeks to collect on a debt owed by Defendants for goods sold. *See United States v. Battle*, No. 04-20159-CR, 2008 WL 5056875, at *3 (S.D. Fla. Mar. 3, 2008) ("As petitioners do not, and cannot, claim an interest in specific, forfeited assets or property, they are properly considered only general unsecured creditors attempting to collect on outstanding debts. "), *adopted as modified*, No. 04-20159-CR, 2008 WL 5056840 (S.D. Fla. Nov. 21, 2008). General creditors, however, do not have standing to contest forfeiture through an ancillary proceeding. *See Ribadeneira*, 105 F.3d at 837; *United States v. White*, 675 F.3d 1073, 1080 (8th Cir. 2012); *United States v. Gutierrez*, No. 05-20859-CR, 2012 WL 3291976, at *3 (S.D. Fla. Aug. 13, 2012); *Negron-Torres*, 876 F. Supp. 2d at 1305; *United States v. Ovid*, No. 09-CR 216 JG ALC, 2012 WL 2087084, at *3 (E.D.N.Y. June 8, 2012).[3]

## IV. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Government's Motion for Summary Judgment against Petitioner Lee Toner, d/b/a Americana Collectors, LLC (ECF No. 365) be **GRANTED**.

Additionally, it is hereby **ORDERED AND ADJUDGED** that, within **two (2) business days** of the date of this Report and Recommendation ("R&R"), the Government shall: (1) serve a copy of this R&R on all pro se and individual petitioners in this ancillary forfeiture proceeding via U.S. mail; and (2) file a notice of compliance regarding service.

---

[3] Americana relies in its Response on *United States v. Reckmeyer*, 836 F.2d 200 (4th Cir. 1987), which held that a general creditor can have standing to challenge a forfeiture as a bona fide purchaser for value, pursuant to § 853(n)(6)(B). *Id.* at 205-208. *See* (ECF No. 385 at 4). The Eleventh Circuit, however, has explicitly rejected this holding. *See Watkins*, 320 F.3d at 1283-84 (disagreeing with *Reckmeyer* and agreeing with majority view "that unsecured or general creditors cannot be considered bona fide purchasers for value within the meaning of § 853(n)(6)(B)").

Any party to this proceeding may serve and file specific written objections to this R&R with the District Judge within **fourteen (14) days** of being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(C).  Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in this R&R and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  *Id.*; *see also Thomas v. Arn*, 474 U.S. 140, 153-54 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on December 23, 2015.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
All Counsel of Record