UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CR-60094-BLOOM/VALLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

NATALIE JEWELRY d/b/a
GOLDEN OPPORTUNITIES,
JED LADIN, and NATALIE LADIN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION REGARDING PETITIONER JOSEPH PROFETA, D/B/A PROCOINS, INC.

THIS MATTER is before the Court on the United States of America's (the "Government's") Motion for Summary Judgment against Petitioner Joseph Profeta, d/b/a ProCoins, Inc. ("ProCoins") (ECF No. 360) (the "Motion"). United States District Judge Beth Bloom has referred all post-judgment motions, including ProCoins' third-party petition (ECF No. 118) (the "Petition"), to the undersigned for appropriate disposition. (ECF No. 126). The undersigned has reviewed the Petition, the Motion, ProCoins' Response (ECF No. 400), and the Government's Reply (ECF No. 405), and being fully advised in the matter, recommends that the Motion be **GRANTED** for the reasons set forth below.

**I.    BACKGROUND**

This is an ancillary forfeiture proceeding that stems from the 2014 criminal prosecutions of Defendants Natalie Ladin, Jed Ladin, and Natalie Jewelry d/b/a Golden Opportunities

("Defendants").[1] On January 31, 2014, the Government executed search and seizure warrants on Defendant Natalie Jewelry's business premises and bank accounts. (ECF No. 359-1 at 2-3). ProCoins is a third-party petitioner that purportedly sold scrap gold (weighing 21.885-ozt or 437.71-dwt before melting and 21.595-ozt or 431.90-dwt after melting) to Defendant Natalie Jewelry prior to the Government's seizure. *See* (ECF No. 118). ProCoins seeks the payment of $15,492.65, which represents the amount it claims Natalie Jewelry agreed to pay for ProCoins' scrap gold. *Id.* at 1, 5. Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B), this Court permitted the parties to conduct discovery and set a deadline for the filing of dispositive motions. *See* (ECF Nos. 178, 302, and 331).

## II.   APPLICABLE LAW

### A. Forfeiture

A third party claiming a legal interest in property that has been ordered forfeited to the Government may petition the court to determine the validity of that party's alleged interest in the property. 21 U.S.C. § 853(n)(2). This is accomplished through an ancillary forfeiture proceeding, where the only issue is "ownership of the property forfeited in the criminal case." *United States v. Smith*, 953 F. Supp. 2d 1260, 1266 (M.D. Fla. 2013). To contest the Government's claim to the forfeited property, the petitioner "must first establish his standing to challenge the forfeiture order by demonstrating a 'legal interest' in the forfeited property under § 853(n)(2)." *United States v. Watts*, 786 F.3d 152, 160 (2d Cir. 2015); *Stettin v. United States*,

---

[1] On May 7, 2014, the Government charged Defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (ECF No. 47). On July 10, 2014, Defendants entered into plea agreements with the Government, (ECF Nos. 99, 101, and 104), and each Defendant then pled guilty to the money laundering conspiracy. (ECF Nos. 93, 95, and 97). As part of their respective plea agreements, Defendants agreed to forfeit all assets, and/or their substitutes, subject to forfeiture under § 982(a)(1) and (b)(1). (ECF Nos. 99 at 4-8, 101 at 4-8, and 104 at 4-8).

No. 12-CV-62193, 2013 WL 4028150, at *5 (S.D. Fla. Aug. 7, 2013) (standing requirements for third-party petitioners are found in § 853(n)(2), which requires an initial showing of a "legal interest"). Thereafter, the petitioner must prove, by a preponderance of the evidence, that either: (1) its interest in the property was vested in the petitioner or was superior to the interest of the defendant at the time of the acts giving rise to the forfeiture of the subject property; or (2) that it is a bona fide purchaser of the property for value. *See* 21 U.S.C. § 853(n)(6)(A), (B); *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003) (noting that § 853(n)(6) protects only two classes of petitioners).

Moreover, ancillary forfeiture proceedings arising from criminal cases are civil proceedings governed by the Federal Rules of Civil Procedure. *United States v. Negron-Torres*, 876 F. Supp. 2d 1301, 1304 (M.D. Fla. 2012). Accordingly, the parties in an ancillary forfeiture proceeding may move for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See Smith*, 953 F. Supp. 2d at 1266; Fed. R. Crim. P. 32.2(c)(1)(B).

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "shoulders the initial burden of showing the absence of a genuine issue of material fact." *Merideth v. Carnival Corp.*, 49 F. Supp. 3d 1090, 1092 (S.D. Fla. 2014). If this burden is satisfied, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." *Fickling v. United States*, 507 F.3d 1302, 1304 (11th Cir. 2007). The party opposing summary judgment "must rely on more than conclusory statements or allegations unsupported by facts." *Smith*, 953 F. Supp. 2d at 1266-67 (citing *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985)). If the non-moving party fails to controvert the movant's statement of material facts, and those facts are

supported by record evidence, the Court may deem the movant's statement of facts admitted and undisputed for purposes of the motion. S.D. Fla. L.R. 56.1(b); Fed. R. Civ. P. 56(e)(2). Likewise, "[i]f the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Jackson v. Sara Lee Bakery Grp.*, 517 F. App'x 645, 646 (11th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

### III. ANALYSIS

The Government argues that based on the undisputed facts, ProCoins cannot establish a legal interest in the property that was seized by and forfeited to the Government in connection with Defendants' criminal case (the "Seized Property").[2] *See* (ECF No. 360 at 4-5 and 7-8). Specifically, the Government contends that ProCoins' scrap gold was not seized, and that ProCoins has not otherwise claimed a legal interest in any of the Seized Property. *Id.* at 7-8.

In support of the Motion, the Government attaches the declaration of Special Agent Shauna Willard (ECF No. 359-1) (the "Willard Declaration"). According to the Willard Declaration, Agent Willard reviewed the Petition, analyzed Defendant Natalie Jewelry's computerized customer account database, and personally inspected the precious metals seized. *Id.* at 6. Agent Willard declares that she could not locate ProCoins' scrap gold among the property seized or listed in any related documents. *Id.* She further declares that Defendants' business records confirm that ProCoins' scrap gold was transferred to a third party, Republic Metals Corporation, more than a week prior to the Government's seizure on January 31, 2014. *Id.* Finally, Agent Willard declares that although ProCoins was provided laboratory reports

---

[2] The Seized Property includes various precious metals removed from Defendants' premises as well as funds seized from Defendant Natalie Jewelry's operating bank account. *See* (ECF No. 360 at 2).

regarding the Seized Property, appraisal reports describing the Seized Property, and photographs of the Seized Property, ProCoins did not identify its scrap gold among the items seized. *Id.*

ProCoins concedes that discovery has shown that its scrap gold was not seized. *See* (ECF No. 400 at 3 ¶ 5). Instead, ProCoins claims a legal interest in the "funds" seized by the Government. *Id.* at 5. ProCoins, however, does not cite to any material in the record demonstrating its purported interest in the specific funds seized by the Government. *See* Fed. R. Civ. P. 56(c)(1)(A), (B) (requiring that a party asserting that a fact is genuinely disputed support such an assertion by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute"). Nor does the Petition plead sufficient detail regarding ProCoins' purported interest in specified funds. *See* 21 U.S.C. § 853(n)(3) (requiring that third-party petition set forth the nature and extent of the interest in the property, the time and circumstances of the petitioner's acquisition of that interest, and any additional facts supporting the claim). This deficiency alone is a basis to dismiss the Petition. *See United States v. Edwards*, No. 06-50127-01, 2007 WL 2088608, at *2-3 (W.D. La. July 20, 2007).

The only evidence ProCoins relies on to support its position is its Petition, which asserts that ProCoins is owed $15,492.65. *See* (ECF No. 118 at 1, 5). The Government does not dispute that Defendant Natalie Jewelry owes ProCoins $15,492.65. *See* (ECF No. 360 at 3). Based on this record, the Court finds that there are no material facts in dispute. The undisputed facts are that: (1) ProCoins' scrap gold was not seized; and (2) Defendant Natalie Jewelry owes ProCoins $15,492.65.

Based on these undisputed facts, this Court finds that ProCoins lacks standing to challenge the forfeiture of the Seized Property because it cannot establish the requisite "legal

interest" in the Seized Property.³  A third-party petitioner seeking to assert a claim under § 853(n)(2) must show an "identifiable legal interest" in a "particular, specific asset" that is part of the forfeited property. *United States v. Ribadeneira*, 105 F.3d 833, 836-37 (2d Cir. 1997). ProCoins, however, has demonstrated only a contractual debt for goods sold, not an interest in particular, specific funds. *See United States v. Singleton*, No. 5:13-008-KKC, 2014 WL 3657632, at *2 (E.D. Ky. July 23, 2014) (a contractual debt does not establish the requisite legal interest in "specific property" seized by the government). Indeed, a third-party petitioner "typically cannot claim a specific interest in dollars because they are fungible, and a petitioner cannot identify the specific dollars in which she claims an interest." *United States v. Ceballos-Lepe*, 977 F. Supp. 2d 1085, 1090 (D. Utah 2013); *United States v. Ribadeneira*, 920 F. Supp. 553, 555 (S.D.N.Y. 1996) ("Dollars are fungible. As holders of checks, as opposed to security interests, petitioners are unable to assert rights to a particular asset or specified funds."), *aff'd*, 105 F.3d 833 (2d Cir. 1997).

ProCoins argues that its interest lies not in fungible funds but in funds "particularly traceable to the precious metals [it] sold." (ECF No. 400 at 7). ProCoins, however, references no evidence or materials in the record to support this conclusory assertion. The Court will not consider this unsupported factual argument. *See* Fed. R. Civ. P. 56(c)(1)(A),(B); *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) ("[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion."); *U.S. ex rel.*

---

³ Although the Government couches the Motion in terms of whether ProCoins can prevail on the merits of its Petition, its arguments primarily address the issue of ProCoins' standing. *See Stettin*, 2013 WL 4028150, at *5 (distinguishing the standing requirement of showing a "legal interest" in forfeited property with the merits determination of whether petitioner can show a "superior legal interest"); *United States v. Timley*, 507 F.3d 1125, 1130 n.2 (8th Cir. 2007) (noting that many courts have conflated the standing requirement of § 853(n)(2) with the merits determination under § 853(n)(6)).

6

*Crenshaw v. Degayner*, 622 F. Supp. 2d 1258, 1269 (M.D. Fla. 2008) (court will not consider factual arguments made for or against summary judgment that are not supported with evidence and specific citations to the record).

ProCoins also argues that the funds it seeks to recover are not forfeitable. (ECF No. 400 at 5). This argument appears to challenge the underlying forfeitability of the seized funds. The forfeitability of the seized funds, however, is not determinative of or even relevant to ProCoins' claimed interest in such funds. Moreover, as a third-party petitioner, ProCoins cannot challenge the Court's preliminary determination of forfeitability with respect to the Seized Property. *See United States v. Davenport*, 668 F.3d 1316, 1321 (11th Cir. 2012) (third party lacked standing to challenge the validity of the preliminary order of forfeiture's determination of forfeitability).

In sum, ProCoins is, at most, a general, unsecured creditor that seeks to collect on a debt owed by Defendants for goods sold. *See United States v. Battle*, No. 04-20159-CR, 2008 WL 5056875, at *3 (S.D. Fla. Mar. 3, 2008) ("As petitioners do not, and cannot, claim an interest in specific, forfeited assets or property, they are properly considered only general unsecured creditors attempting to collect on outstanding debts."), *adopted as modified*, No. 04-20159-CR, 2008 WL 5056840 (S.D. Fla. Nov. 21, 2008). General creditors, however, do not have standing to contest forfeiture through an ancillary proceeding.[4] *See Ribadeneira*, 105 F.3d at 837; *United States v. White*, 675 F.3d 1073, 1080 (8th Cir. 2012); *United States v. Gutierrez*, No. 05-20859-CR, 2012 WL 3291976, at *3 (S.D. Fla. Aug. 13, 2012); *Negron-Torres*, 876 F.

---

[4] ProCoins does not dispute that it is an unsecured creditor. Rather, it argues that it is not a "regular" or "typical" unsecured creditor because the scrap gold it sold to Defendants was legitimately acquired. (ECF No. 400 at 6-7). But ProCoins does not explain the significance of this distinction, nor does it cite to any legal authority for the proposition that such an unsecured creditor has standing under § 853(n)(2). ProCoins' reliance on *United States v. Lavin*, 942 F.2d 177 (3d Cir. 1991) for the proposition that it qualifies as a bona fide purchaser for value under § 853(n)(6)(B) is misplaced.

Supp. 2d at 1305; *United States v. Ovid*, No. 09-CR 216 (JG)(ALC), 2012 WL 2087084, at *3 (E.D.N.Y. June 8, 2012).

ProCoins cites to *United States v. Reckmeyer*, 836 F.2d 200 (4th Cir. 1987), which held that a general creditor can have standing to challenge a forfeiture as a bona fide purchaser for value, pursuant to § 853(n)(6)(B). *Id.* at 205-08. *See* (ECF No. 400 at 5-6). The Eleventh Circuit, however, has explicitly rejected this holding. *See Watkins*, 320 F.3d at 1283-84 (disagreeing with *Reckmeyer* and agreeing with majority view "that unsecured or general creditors cannot be considered bona fide purchasers for value within the meaning of § 853(n)(6)(B)").

Accordingly, because the undisputed facts demonstrate that ProCoins lacks standing under § 853(n)(2), summary judgment should be granted for the Government and against ProCoins. *See United States v. Kermali*, 60 F. Supp. 3d 1280, 1283-84 (M.D. Fla. 2014) (granting summary judgment against petitioner in ancillary forfeiture proceeding based on lack of standing); *Timley*, 507 F.3d at 1130 (where petitioner has no valid interest in the forfeited property, "the inquiry ends, and the claim fails for lack of standing").

**IV.   CONCLUSION**

For the foregoing reasons, the undersigned respectfully recommends that the Government's Motion for Summary Judgment against Petitioner Joseph Profeta, d/b/a ProCoins, Inc. (ECF No. 360) be **GRANTED**.

Additionally, it is hereby **ORDERED AND ADJUDGED** that, within **two (2) business days** of the date of this Report and Recommendation ("R&R"), the Government shall: (1) serve a copy of this R&R on all pro se and individual petitioners in this ancillary forfeiture proceeding via U.S. mail; and (2) file a notice of compliance regarding service.

Any party to this proceeding may serve and file specific written objections to this R&R with the District Judge within **fourteen (14) days** of being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in this R&R and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *Id.*; *see also Thomas v. Arn*, 474 U.S. 140, 153-54 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on April 26, 2016.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Beth Bloom
     All Counsel of Record