UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cr-60094-BLOOM/VALLE

UNITED STATES OF AMERICA,

    Plaintiff,
v.

NATALIE JEWELRY,
 d/b/a GOLDEN OPPORTUNITIES,
NATALIE LADIN and JED LADIN.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon the United States of America's (the "Government") Motion for Summary Judgment against Petitioner Joseph Profeta, d/b/a ProCoins, Inc. ("ProCoins"), ECF No. [360]. This Court has referred all post-judgment motions in this matter, including ProCoins' third-party petition, ECF No. [118], to U.S. Magistrate Judge Alicia O. Valle. On April 26, 2016, Judge Valle issued a Report and Recommendation recommending that the Government's Motion for Summary Judgment be granted. ECF No. [447] (the "Report and Recommendation" or "Report"); *see* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of a report and recommendation], any party may serve and file written objections . . . as provided by rules of court."). Petitioner ProCoins filed Objections to the Report and Recommendations on May 13, 2016. *See* ECF No. [451]. On May 24, 2016, the Government filed a response to the Objection. ECF No. [452].

The Court has reviewed the Motion and the record, has conducted a *de novo* review of Judge Valle's Report and Recommendation in light of the Objection, and is otherwise fully

advised in the premises.[1] *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue."). For the reasons stated below, the Court adopts the Report and Recommendation and grants the Motion for Summary Judgment.

### A. Background

The Court adopts Judge Valle's description of the procedural and factual history, Report at 1-2, and incorporates it by reference herein.

### B. Legal Standard

Petitioner does not object to Judge Valle's recitation of the applicable law in forfeiture proceedings, which, in any event, is correct. As stated in the Report, a third-party petitioner "must prove, by a preponderance of the evidence, that either: (1) its interest in the property was vested in the petitioner or was superior to the interest of the defendant at the time of the acts giving rise to the forfeiture of the subject property; or (2) that it is a bona fide purchaser of the property for value." Report at 3 (citing 21 U.S.C. § 853(n)(6)(A), (B); *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003)).

The Court also adopts and incorporates by reference Judge Valle's recitation of the applicable law on a motion for summary judgment. *See* Report at 3.

### C. Discussion

The Court agrees with and adopts the Report's recommendation that the Government's Motion for Summary Judgment, ECF No. [360], be granted because the undisputed facts demonstrate that ProCoins lacks standing under section 853(n)(6)(B). *See* Report at 8.

---

[1] ProCoins' submission, ECF No. [451], does not raise any objections specific to Judge Valle's Report—indeed, the objections appear to simply reiterate the arguments made in opposition to the Government's Motion. The Court has, nonetheless, conducted a *de novo* review of the Report.

Specifically, the Court agrees that there are no material facts in dispute and the undisputed facts in this record demonstrate that (1) ProCoins' scrap gold was not seized; and (2) Defendant Natalie Jewelry owes ProCoins $15,492.65. *See* Report at 4-5 (citing Willard Decl., ECF No. [359-1] (stating that Agent Willard could not locate ProCoins' scrap gold among the property seized or listed in any related documents; Defendants' business records confirm ProCoins' scrap gold was transferred to a third party more than a week prior to the Government's seizure; and that ProCoins did not identify its scrap gold among the items seized); Petition, ECF No. [118] (asserting that ProCoins is owed $15,492.65)). ProCoins asserts, without citing to any evidentiary or factual support, that its interest lies in funds traceable to the precious metals it sold. However, the Court agrees with the Report's conclusion that it will not consider this unsupported factual argument. *See* Report at 6. Accordingly, as stated in the Report, ProCoins "has demonstrated only a contractual debt for goods sold, not an interest in particular, specific funds" as required to assert a claim under section 853(n)(2). Report at 6 (citing *United States v. Ribadeneira*, 105 F.3d 833, 836-37 (2d Cir. 1997)).

The Court further agrees with Judge Valle's conclusion that "ProCoins is, at most, a general, unsecured creditor that seeks to collect on a debt owed by Defendants for goods sold[,]" and, accordingly, lacks "standing to contest forfeiture through an ancillary proceeding." Report at 7 (citing *United States v. Battle*, No. 04-20159-CR, 2008 WL 5056875, at *3 (S.D. Fla. Mar. 3, 2008); *Ribadeneira*, 105 F.3d at 837). ProCoins cites to case law from outside this Circuit holding that a general creditor can have standing to challenge a forfeiture as a bona fide purchaser for value pursuant to section 853(n)(6)(B). *See* ECF Nos. [451] and [400] at 5-6 (citing *United States v. Reckmeyer*, 836 F.2d 200, 208 (4th Cir. 1987); *United States v. Lavin*, 942 F.2d 177, 188 (3d Cir. 1991)). However, the Eleventh Circuit has explicitly rejected this proposition.

*See Watkins*, 320 F.3d at 1283 ("[W]e agree with the majority view that unsecured or general credits cannot be considered bona fide purchasers for value within the meaning of § 853(n)(6)(B)"). The Court therefore agrees with and adopts the Report's conclusion that summary judgment should be granted in favor of the Government and against ProCoins. *See* Report at 8.

### D. Conclusion

Upon careful review, the Court finds Magistrate Judge Valle's Report and Recommendation to be well reasoned and correct. Accordingly, it is **ORDERED AND AJDUDGED** as follows:

1. Petitioner ProCoins' Objections, ECF No. [451], are **OVERRULED**, and Magistrate Judge Valle's Report and Recommendation, ECF No. [447], is **ADOPTED**.

2. The Government's Motion for Summary Judgment, ECF No. [360], is **GRANTED**.

**DONE AND ORDERED** in Miami, Florida, this 31st day of May, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

The Honorable Alicia O. Valle
Counsel of record

4