UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CR-60094-BLOOM/VALLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

NATALIE JEWELRY, d/b/a
GOLDEN OPPORTUNITIES,
JED LADIN, and NATALIE LADIN,

    Defendants.
_____/

**REPORT AND RECOMMENDATION REGARDING
PETITIONER ANDREW'S COIN & JEWELRY, INC.**

THIS MATTER is before the Court on the United States of America's (the "Government's") Motion for Summary Judgment against Petitioner Andrew's Coin & Jewelry, Inc. ("Andrew's Coin") (ECF No. 444) (the "Motion"). United States District Judge Beth Bloom has referred all post-judgment motions, including Andrew's Coin's third-party petition (ECF No. 130) (the "Petition"), to the undersigned for appropriate disposition. (ECF No. 131). The undersigned has reviewed the Petition, the Motion, Andrew's Coin's Response (ECF No. 446), the Government's Reply (ECF No. 450), and being fully advised in the matter, recommends that the Government's Motion be **GRANTED** for the reasons set forth below.

**I.**     **BACKGROUND**

This is an ancillary forfeiture proceeding that stems from the 2014 criminal prosecutions of Defendants Natalie Ladin, Jed Ladin, and Natalie Jewelry, d/b/a Golden Opportunities

("Defendants").[1] On January 31, 2014, the Government executed search and seizure warrants on Defendant Natalie Jewelry's business premises and bank accounts. (ECF No. 359-1 at 2-3). Andrew's Coin is a third-party petitioner that purportedly delivered various items containing approximately 824.03 troy ounces of silver (i.e., holloware, flatware, and jewelry) to Defendant Natalie Jewelry for smelting prior to the Government's seizure. *See* (ECF No. 130 at 2). In the Petition, Andrew's Coin seeks the return of its property. *Id.*

The Government initially responded that it had no objection to the Petition so long as Andrew's Coin could identify its property among the items seized and forfeited in connection with Defendants' criminal case (the "Seized Property").[2] (ECF No. 357 at 4). Andrew's Coin thereafter submitted a reply brief purporting to identify its property from photographs of the Seized Property that the Government had provided in discovery. (ECF No. 411 at 5). The Government, however, disputed that the items identified by Andrew's Coin in fact belonged to Andrew's Coin and some of the merchandise identified by Andrew's coin has already been released to others. (ECF No. 419 at 2). On September 25, 2015, the Government submitted a declaration by Special Agent Shauna Willard (the "September Declaration"), who reviewed the

---

[1] On May 7, 2014, the Government charged Defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (ECF No. 47). On July 10, 2014, Defendants entered into plea agreements with the Government, (ECF Nos. 99, 101, and 104), and each Defendant then pled guilty to the money laundering conspiracy. (ECF Nos. 93, 95, and 97). As part of their respective plea agreements, Defendants agreed to forfeit all assets, and/or their substitutes, subject to forfeiture under § 982(a)(1) and (b)(1). (ECF Nos. 99 at 4-8, 101 at 4-8, and 104 at 4-8).

[2] The Seized Property includes various precious metals removed from Defendants' premises as well as funds seized from Defendant Natalie Jewelry's operating bank account. *See* (ECF No. 444 at 2).

2

photographs identified by Andrew's Coin and declared that the items depicted did not match those sought in the Petition.[3] (ECF No. 419-1).

In light of the parties' apparent dispute regarding Andrew's Coin's purported identification of its property, the Court entered an Order requiring the parties to submit a joint report regarding the status of the Petition. (ECF No. 442). In the Joint Status Report, Andrew's Coin conceded that it could not "definitively identify any of the forfeited items as its property," and that it was unable "to provide any additional or more detailed descriptive information of the merchandise it delivered to Natalie Jewelry." (ECF No. 443 at 1). Moreover, the parties agreed that a hearing on the Petition would be "futile." *Id.* at 2. Thereafter, the Government filed the Motion.

## II.    APPLICABLE LAW

### A. *Forfeiture*

A third party claiming a legal interest in property that has been ordered forfeited to the Government may petition the court to determine the validity of that party's alleged interest in the property. 21 U.S.C. § 853(n)(2). This is accomplished through an ancillary forfeiture proceeding, where the only issue is "ownership of the property forfeited in the criminal case." *United States v. Smith*, 953 F. Supp. 2d 1260, 1266 (M.D. Fla. 2013). To contest the Government's claim to the forfeited property, a petitioner "must first establish his standing to challenge the forfeiture order by demonstrating a 'legal interest' in the forfeited property under § 853(n)(2)." *United States v. Watts*, 786 F.3d 152, 160 (2d Cir. 2015); *Stettin v. United States*, No. 12-CV-62193, 2013 WL 4028150, at *5 (S.D. Fla. Aug. 7, 2013) (standing requirements for third-party petitioners are found in § 853(n)(2), which requires an initial showing of a "legal

---

[3] For example, according to the Petition, the Property consisted of holloware, flatware, and jewelry (ECF No. 130 at 2), yet none of the photographs identified by Andrew's Coin depicted such items. *See* (ECF No. 419-1).

interest"). Thereafter, a petitioner must prove, by a preponderance of the evidence, that either: (1) its interest in the property was vested in the petitioner or was superior to the interest of the defendant at the time of the acts giving rise to the forfeiture; or (2) that it is a bona fide purchaser of the property for value. *See* 21 U.S.C. § 853(n)(6)(A), (B); *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003) (noting that § 853(n)(6) protects only two classes of petitioners).

Moreover, ancillary forfeiture proceedings arising from criminal cases are civil proceedings governed by the Federal Rules of Civil Procedure. *United States v. Negron-Torres*, 876 F. Supp. 2d 1301, 1304 (M.D. Fla. 2012). Accordingly, the parties in an ancillary forfeiture proceeding may move for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See Smith*, 953 F. Supp. 2d at 1266; Fed. R. Crim. P. 32.2(c)(1)(B).

### B.  *Summary Judgment*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "shoulders the initial burden of showing the absence of a genuine issue of material fact." *Merideth v. Carnival Corp.*, 49 F. Supp. 3d 1090, 1092 (S.D. Fla. 2014). If this burden is satisfied, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." *Fickling v. United States*, 507 F.3d 1302, 1304 (11th Cir. 2007). The party opposing summary judgment "must rely on more than conclusory statements or allegations unsupported by facts." *Smith*, 953 F. Supp. 2d at 1266-67 (citing *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985)). If the non-moving party fails to controvert the movant's statement of material facts, and those facts are supported by record evidence, the Court may deem the movant's statement of facts admitted and undisputed for purposes of the motion. S.D. Fla. L.R. 56.1(b); Fed. R. Civ. P. 56(e)(2). Likewise, "[i]f the nonmoving party fails to make 'a sufficient showing on an essential element

of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Jackson v. Sara Lee Bakery Grp.*, 517 F. App'x 645, 646 (11th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

### III.   DISCUSSION

The Government argues that based on undisputed facts, Andrew's Coin cannot establish a legal interest in the Seized Property. *See* (ECF No. 444 at 4-9). Specifically, the Government contends that Andrew's Coin has failed to identify its property among the Seized Property and therefore lacks standing under § 853(n)(2). *Id.*.

In support of the Motion, the Government cites a July 20, 2015 declaration by Special Agent Shauna Willard (ECF Nos. 359-1) (the "July Declaration"). (ECF No. 444 at 3). In the July Declaration, Agent Willard declares that although Natalie Jewelry's business records reflect receipt of Andrew's Coin's property prior to Government's seizure, Andrew's Coin has yet to identify its property among the Seized Property. (ECF No. 359-1 at 6). The Government also cites Agent Willard's September Declaration (ECF No. 450-1) to show that the seized items previously identified by Andrew's Coin do not, in fact, belong to Andrew's Coin. (ECF No. 444 at 9).

In response, Andrew's Coin concedes that it is "unable to identify the precise silverware, flatware and/or jewelry delivered to Natalie Jewelry with certainty or confirmation." (ECF No. 446 at 2).[4] Instead, Andrew's Coin argues that its silver was "most likely smelted" into silver ingots (i.e., bars) and held by Natalie Jewelry as a bailee. *Id.* Andrew's Coin thus argues that it

---

[4] Moreover, Andrew's Coin does not address, let alone dispute, Agent Willard's declarations. Accordingly this Court will consider the facts set forth in those declarations as undisputed in ruling on the Motion. *See* Fed. R. Civ. P. 56(e)(2).

5

is entitled to a return of its silver (in ingot form), and that summary judgment should be denied. *Id.* at 2-5.

Andrew's Coin, however, does not cite to any material in the record demonstrating that its property was in fact smelted into silver ingots. *See* Fed. R. Civ. P. 56(c)(1)(A),(B) (requiring that a party asserting that a fact is genuinely disputed support such an assertion by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute"); *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (unsupported factual allegations are legally insufficient to defeat summary judgment). More significantly, Andrew's Coin does not identify or even argue that it can identify the specific silver ingots in which it claims to have a legal interest (i.e., the ingots supposedly made from its silver flatware, hollowware, and jewelry).[5] It is therefore undisputed that Andrew's Coin cannot identify its property among the Seized Property, and the Court finds that there are no material facts in dispute.[6]

Based on the undisputed facts, this Court finds that Andrew's Coin lacks standing to challenge the forfeiture of the Seized Property because it cannot establish a "legal interest" in the Seized Property. A third-party petitioner seeking to assert a claim under § 853(n)(2) must show an "identifiable legal interest" in a "particular, specific asset" that is part of the forfeited property. *United States v. Ribadeneira*, 105 F.3d 833, 836-37 (2d Cir. 1997). Specifically, the claimant must be able to point to a specific asset that the Government seized and call it their

---

[5] The Seized Property includes silver bars of various weights and manufactured by various refineries, including Republic Metals Corporation, United States Silver Corporation, and Engelhard. *See* (ECF No. 419-1 at 4, 5-6, and 14).

[6] Although the Government disputes whether Andrew's Coin's property was ever smelted into ingots, *see* (ECF Nos. 450 at 4 and 450-1), such dispute is immaterial because Andrew's Coin has not claimed an interest in any of the specific ingots that the Government seized. *See* (ECF No. 450 at 2-4).

6

own. *See Ribadeneira*, 920 F. Supp. at 555. However, because Andrew's Coin, by its own admission, cannot identify its property among the items seized, it cannot satisfy this threshold requirement. *See DSI Assocs. LLC v. United States*, 496 F.3d 175, 184 (2d Cir. 2007) ("Without possessing such an interest 'in' a 'particular, specific asset' that is, or is part of, the forfeited property, [the petitioner] does not meet the statutory requirements for initiating an ancillary proceeding under section 853(n).").

Accordingly, because the undisputed facts demonstrate that Andrew's Coin lacks standing under § 853(n)(2), summary judgment should be granted for the Government and against Andrew's Coin.[7] *See United States v. Kermali*, 60 F. Supp. 3d 1280, 1283-84 (M.D. Fla. 2014) (granting summary judgment against petitioner in ancillary forfeiture proceeding based on lack of standing); *United States v. Washington*, No. CR 3:11-2064-10-JFA, 2013 WL 3762906, at *3 (D.S.C. July 16, 2013) (same); United States v. *Timley*, 507 F.3d 1125, 1130 (8th Cir. 2007) (where petitioner has no valid interest in the forfeited property, "the inquiry ends, and the claim fails for lack of standing").

## IV.   CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Government's Motion for Summary Judgment against Petitioner Andrew's Coin & Jewelry, Inc. (ECF No. 444) be **GRANTED.**

---

[7] Although Andrew's Coin claims that granting the Motion would deprive it of its property without due process, the undersigned disagrees. *See* (ECF No. 446 at 5). The undersigned gave Andrew's Coin, along with the other third-party petitioners, the opportunity to take discovery in this proceeding. *See* (ECF Nos. 209, 302, 331). Moreover, the Government provided its own discovery materials, *see, e.g.*, (ECF No. 299), and attempted to assist Andrew's Coin in identifying its property. *See, e.g.*, (ECF Nos. 357 at 4 and 396 at 2-3). Andrew's Coin does not argue, nor does the record reflect, that the Government is to blame for Andrew's Coin's inability to locate and identify its property among the Seized Property.

Additionally, it is hereby **ORDERED AND ADJUDGED** that, within **two (2) business days** of the date of this Report and Recommendation ("R&R"), the Government shall: (1) serve a copy of this R&R on all pro se and individual petitioners in this ancillary forfeiture proceeding via U.S. mail; and (2) file a notice of compliance regarding service.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on October 11, 2016.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Beth Bloom
   All Counsel of Record