UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cr-60094-BLOOM/VALLE

UNITED STATES OF AMERICA,

    Plaintiff,
v.

NATALIE JEWELRY,
 d/b/a GOLDEN OPPORTUNITIES,
NATALIE LADIN and JED LADIN.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon the United States of America's (the "Government") Motion for Summary Judgment (the "Motion") against Petitioner Andrew's Coin & Jewelry, Inc. ("Andrew's Coin"), ECF No. [444]. This Court has referred all post-judgment motions in this matter, including Andrew's Coin's third-party petition, ECF No. [130] (the "Petition"), to U.S. Magistrate Judge Alicia O. Valle. On October 11, 2016, Judge Valle issued a Report and Recommendation recommending that the Government's Motion for Summary Judgment be granted. ECF No. [462] (the "Report and Recommendation" or "Report"). Petitioner Andrew's Coin filed an Objection to the Report and Recommendation on October 20, 2016. ECF No. [467]; *see* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of a report and recommendation], any party may serve and file written objections . . . as provided by rules of court."). The Government filed a Response to Andrew's Coin's Objection on November 13, 2016. ECF No. [475].

The Court has reviewed the Motion and the record, has conducted a *de novo* review of Judge Valle's Report and Recommendation in light of the Objection, and is otherwise fully advised in the premises. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue."). For the reasons stated below, the Court adopts the Report and Recommendation and grants the Government's Motion.

### A. Background

The Court adopts Judge Valle's description of the procedural and factual history, Report at 1-3, and incorporates it by reference herein.

### B. Legal Standard

Petitioner does not object to Judge Valle's recitation of the applicable law in forfeiture proceedings, which, in any event, is correct. As stated in the Report, to contest the Government's claim to forfeited property, a third-party petitioner "must first establish his standing to challenge the forfeiture order by demonstrating a 'legal interest' in the forfeited property under § 853(n)(2)." *Id.* at 3 (quoting *United States v. Watts*, 786 F.3d 152, 160 (2d Cir. 2015)). Thereafter, the petitioner "must prove, by a preponderance of the evidence, that either: (1) its interest in the property was vested in the petitioner or was superior to the interest of the defendant at the time of the acts giving rise to the forfeiture; or (2) that it is a bona fide purchaser of the property for value." *Id.* at 4 (citing 21 U.S.C. §§ 853(n)(6)(A), (B); *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003)).

The Court also adopts and incorporates by reference Judge Valle's recitation of the applicable law on a motion for summary judgment. *See id.* at 4-5.

### C. Discussion

The Court agrees with and adopts the Report's recommendation that the Government's Motion for Summary Judgment, ECF No. [444], be granted because the undisputed facts demonstrate that Andrew's Coin lacks standing under 28 U.S.C. § 853(n)(2). *See* Report at 7.

Two undisputed facts bear repeating here. First, Andrew's Coin delivered approximately 824.03 ounces of silver in the form of hollowware, flatware, and jewelry to Defendant Natalie Jewelry ("Natalie Jewelry") for the purpose of smelting. Petition at 2; *see also* ECF No. [467] at 2. Second, as explained in the Report, "Andrew's Coin, by its own admission, cannot identify its property among the items seized . . . ." Report at 7; *see also* ECF No. [467] at 2 ("Admittedly, the Claimant, ANDREW'S COIN, has been unable to identify the precise silverware, flatware and/or jewelry delivered to NATALIE JEWELRY with certainty or confirmation."). The former, which formed the basis of Andrew's Coin's response to the Government's Motion, *see* ECF No. [446] at 2-5, also forms the basis of the instant objection, *see* ECF No. [467] at 2-4.

Andrew's Coin alleges that in delivering the silver at issue to Natalie Jewelry, it retained the "option to take the silver back rather than receive payment." Petition at 2; *see also* ECF No. [467] at 2. As such, Andrew's Coin asserts that the contractual relationship formed between it and Natalie Jewelry constituted a bailment under Florida law, whereby Andrew's Coin retained legal ownership of the silver after the silver was delivered for the purpose of smelting. ECF No. [467] at 2. This bailment relationship, according to Andrew's Coin, essentially renders its inability to identify the silver it delivered to Natalie Jewelry among the forfeited property immaterial. *See id.* ("As a bailor, [Andrew's Coin] was not required to identify its precise goods or merchandise."). Andrew's Coin argues that the Report erred in its "lack of recognition of this [bailment] relationship" and further erred in finding that Andrew's Coin lacked standing on the

basis that Andrew's Coin failed to specifically identify its silver among the forfeited property. *Id.* at 2, 4.

The Court disagrees. To begin with, the Court notes that the Report does not "fail[] to take into account" Andrew's Coin's position that it entered into a bailment relationship with Natalie Jewelry. *Id.* at 2; *see* Report at 5 ("Andrew's Coin argues that its silver was . . . held by Natalie Jewelry as a bailee."). More to the point, however, the Report does not make a determination that Andrew's Coin constitutes a general creditor and for that reason has no identifiable interest in the forfeited property – as Andrew's Coin asserts. *See* ECF No. [467] at 2 ("The Report and Recommendation . . . held that a claimant unable to identify its goods becomes a general creditor and, as a general creditor, has no identifiable interest in the forfeited property.") (internal citations omitted). Indeed, nowhere in the Report is Andrew's Coin referred to as a general creditor. *See* Report. Rather, the finding that Andrew's Coin lacks standing under 28 U.S.C. § 853(n)(2) is based solely on Andrew's Coin's inability to trace its silver among the forfeited property – namely, the portion of the forfeited property consisting of silver in ingot form – and not whether Andrew's Coin is a general creditor or a bailor.[1] *See* Report at 6-7 (citing *United States v. Ribadeneira*, 105 F.3d 833, 836-37 (2d Cir. 1997); *DSI Assocs. LLC v. United States*, 496 F.3d 175, 184 (2d Cir. 2007)).

Importantly, Andrew's Coin offers no authority to support its assertion that, as a bailor, it was not required to identify its precise goods or merchandise among the forfeited property. The principal case relied upon by Andrew's Coin is one in which a bankruptcy court found that under Texas law a bailment relationship existed between a supplier of steel, AVCO Corporation, and a

---

[1] In addition to Andrew's Coin's inability to trace its silver among the forfeited property, the Report also finds relevant that Andrew's Coin "does not cite to any material in the record demonstrating that its property was in fact smelted into silver ingots" in the first place. ECF No. [467] at 6 (citing Fed. R. Civ. P. 56(c)(1)(A), (B)); *see also* ECF No. [467] at 2 ("The silver was *most likely* smelted by NATLIE JEWELRY as routinely done in the past.") (emphasis added).

debtor manufacturer, Citation Corporation, which received steel from the supplier for the purpose of forging airplane crankshafts. *See id.* at 4 (citing *In re Citation Corp.*, 349 B.R. 299 (N.D. Ala. 2006)).[2] However, Andrew's Coin does not cite to *In re Citation Corp.* for the proposition that a bailor as a third-party petitioner in an ancillary forfeiture proceeding is excused from the threshold requirement to establish an identifiable legal interest in the forfeited property. Nor can it, as the circumstances surrounding the bailment relationship in that case are distinguishable from the circumstances here. Specifically, not only was the steel at issue in *In re Citation Corp.* identifiable, it was in the possession of AVCO, the bailor; AVCO was defending an adversary proceeding in which a third-party plaintiff was attempting to assert a lien on the steel at issue. *See* 349 B.R. at 293.

Here, even if the Court were to assume that a bailment relationship existed between Andrew's Coin and Natalie Jewelry regarding the 824.03 ounces of silver at issue, Andrew's Coin would still be left to confront its admitted inability to identify those 824.03 ounces of silver among the forfeited property as well as the absence of proof establishing that those 824.03 ounces of silver were actually smelted in the first place. The Court agrees with the Report's conclusion that these shortcomings are dispositive. *See United States v. Nektalov*, 440 F. Supp. 2d 287, 295-96 (S.D.N.Y. 2006) ("[T]he Government argues correctly that, even if petitioners are able to prove that their diamonds were in Roman Jewelers' possession on a consignment basis, petitioners first must demonstrate that the diamonds seized by the Government are in fact the same diamonds that they had previously consigned to Roman Jewelers. A finding that the petitioners had always retained title to the diamonds delivered to Roman Jewelers clearly would be of no value to this proceeding if the seized diamonds were in reality a separate and distinct lot of diamonds provided to Roman Jewelers by other third parties."); *see also Ribadeneira*, 105

---

[2] The correct citation to the case is 349 B.R. 290.

F.3d at 836-37 (holding that a third-party petitioner seeking to assert a claim under 28 U.S.C. § 853(n)(2) must show an "identifiable legal interest" in a "particular, specific asset" that is part of the forfeited property); *DSI Assocs. LLC*, 496 F.3d at 184 ("Without possessing such an interest 'in' a 'particular, specific asset' that is, or is part of, the forfeited property, [the petitioner] does not meet the statutory requirements for initiating an ancillary proceeding under section 853(n).") (quoting *Ribadeneira*, 105 F.3d at 835-37). To conclude otherwise would suggest that the alleged bailment relationship between Andrew's Coin and Natalie Jewelry, without more, necessarily entitles Andrew's Coin to any 824.03 ounces of silver, in whatever form, amongst the forfeited property.

In sum, Andrew's Coin may have indeed entered into a bailment relationship with Natalie Jewelry, thereby rendering Andrew's Coin a bailor (as opposed to a general creditor) with respect to the 824.03 ounces of silver it delivered. That fact alone, however, does not alleviate Andrew's Coin of its threshold burden to show an identifiable legal interest in a particular, specific asset that is part of the forfeited property. *See Ribadeneira*, 105 F.3d at 836-37; *DSI Assocs. LLC*, 496 F.3d at 184. Because the undisputed facts demonstrate that Andrew's Coin is unable to meet that burden here, the Court agrees with and adopts the Report's conclusion that summary judgment should be granted in favor of the Government and against Andrew's Coin. *See* Report at 7.

**D. Conclusion**

Upon careful review, the Court finds Magistrate Judge Valle's Report and Recommendation to be well reasoned and correct. Accordingly, it is **ORDERED AND AJDUDGED** as follows:

1. Petitioner Andrew's Coin's Objection, ECF No. [467], is **OVERRULED**, and Magistrate Judge Valle's Report and Recommendation, ECF No. [462], is **ADOPTED**.

Case No.  14-cr-60094-BLOOM/VALLE

2. The Government's Motion for Summary Judgment, ECF No. [444], is **GRANTED**.

**DONE AND ORDERED** in Miami, Florida, this 14th day of November, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

The Honorable Alicia O. Valle
Counsel of record